## BOGGS v. THE CHICAGO & NORTHWESTERN RAILROAD COMPANY.

1. **Negligence :** NEW TRIAL. In an action wherein damages are sought on account of injuries resulting to property from the negligence of defendant, the question of negligence is one of fact for the jury, and their finding thereon, under proper instructions, will not be disturbed unless clearly against the weight of testimony.

2. **Jury and verdict :** SEPARATION OF JURY. That the jury were permitted to separate for a short time and for a necessary purpose furnishes no sufficient cause for interference with their verdict, where it is not shown that any prejudice resulted to the party complaining.

*Appeal from Boon District Court.*

FRIDAY, OCTOBER 7.

ACTION to recover the value of a colt killed by a train of defendant. Verdict and judgment for plaintiff. Defendant appeals.

*Henderson Bros. & Merriman* for the appellant.

*Phillips & Phillips* for the appellee.

BECK, J.—The colt of plaintiff, as it is alleged in the petition, was killed at the crossing of a highway upon defendant's road, through the negligence of its servants operating a train of cars, and without carelessness of plaintiff. A motion for a new trial was overruled. The grounds of this motion are, that the verdict is not supported by the evidence, and that the jury, while deliberating upon their verdict, were permitted to separate. The ruling of the court upon the motion is complained of as error.

    I. It is urged by appellant that the evidence is not

sufficient to show negligence of defendant's servants. 1. NEGLIGENCE: The question of negligence is one for the new trial. jury. There is no complaint that it was not properly submitted to them upon correct instructions as to the law. We are not prepared to say that the verdict is contrary to the weight of evidence, and, certainly, we cannot interfere with it, unless we should so conclude. The instructions given by the court to the jury are not contained in the record. No question as to the law of the case is therefore raised.

II. After the case was submitted to the jury and before they had agreed upon their verdict, they were, for a short 2. JURY AND VER- time and a necessary purpose, permitted DICT: separa- tion of jury. by the bailiff having them in charge to separate. It is not charged nor attempted to be shown that any prejudice to plaintiff resulted from the separation ; that the jury had communication with any one or between themselves, while separated, in regard to the case, or that any attempt was made to influence their verdict, while separated, in any manner. It is made to appear, however, that during the separation the jury had no communication with one another or with any one, and their verdict in no manner could have been influenced by the fact of their separation. Under these circumstances, and especially in view of the fact that it is made to appear that no injury resulted to defendant on account of the separation, it is not a sufficient cause to require that the verdict be set aside. *Newell* v. *Ayer*, 32 Maine, 334 ; *Brandin* v. *Gramus*, 1 Conn. 401 ; *State* v. *Carstophen*, 2 Hay, N. C. 238 ; *Smith* v. *Thompson*, 1 Cow. 221.

The judgment of the district court is

Affirmed.