## THE STATE v. WART.

1. **Criminal Law: CORROBORATIVE EVIDENCE: ACCOMPLICE.** Facts considered which were *held* corroborative of the testimony of an accomplice.

2. ———: **COMMUNICATION WITH JURY.** A communication with the jury after their retirement, by the deputy sheriff, with respect to a letter which had been introduced, and had not been allowed to go to the jury, did not constitute reversible error.

3. ———: **JURY.** The fact that one of the jury, while they were on their way to the room to deliberate, separated from the others for a few minutes, did not vitiate their verdict.

*Appeal from Buena Vista District Court.*

THURSDAY, SEPTEMBER 18.

THE defendant and one Wheeler were jointly indicted for the crime of setting fire to and burning a store in the night-time. The defendant was tried separately, and convicted and sentenced. He now appeals.

*G. S. Robinson*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, J.—The store which was burned was in the town of Newell. That the fire was set by an incendiary was clearly established by the fact that goods which were in the store immediately before the fire were found secreted in the town. The evidence connecting Wart with the crime is wholly circumstantial. The principal witness for the State was Wart's co-defendant, Wheeler. It is claimed by Wart that the evidence shows that Wheeler was an accomplice, and that he is wholly uncorroborated. If Wheeler was not an accomplice the evidence is abundantly sufficient to sustain the verdict. That he was an accomplice is not clearly shown, but conceding that he was, we think

1. CRIMINAL law: corroborative evidence: accomplice.

that he is not wholly uncorroborated. The evidence shows, independently of Wheeler's testimony, that Wart and Wheeler were boarding at the same hotel in Newell, and occupied the same room, being a room on the ground floor. On the night of the fire they retired together. The next morning after the fire mud upon the floor of their room and upon the window-sill, and tracks under the window, indicated clearly that one or more persons passed out of the window and returned through it during the night. The circumstance, however, as implicating Wart is much weakened by evidence showing that it was Wheeler's boots that filled the tracks, so far as any examination of that kind was made, but a portion of the tracks were indistinct.

The day after the fire Wart and Wheeler were seen much together, engaged in private conversation, and apparently watching the place where the stolen goods were secreted. At the time the fire broke out a pair of old rubbers were found in the store, and there was evidence tending to show that the rubbers belonged to the defendant, and were worn by him just before the fire. When he was arrested he had on a pair of new boots, which were of the kind which had been kept in the store, but they were not sold by the proprietors, and no such boots had been kept at any other store in Newell. These circumstances the defendant introduced evidence tending to explain away, but it was for the jury to judge of the weight and credibility of the testimony. We cannot say, therefore, that Wheeler was wholly uncorroborated. If he was so corroborated as to connect the defendant with the crime, the verdict is fully sustained.

The defendant complains that the court erred in the admission of certain evidence. The evidence objected to is not set out in any abstract, nor is reference made to it in the argument, except by the name of the witness and the letter "T." By that letter we suppose that the transcript is referred to, but the page upon which the objectionable evidence is to be found is not given, and the transcript is very voluminous.

The State v. Wart.

We have made such examination of it as we have been able, and have to say that if any exception was reserved to the evidence objected to, we have overlooked it.

The defendant complains because a certain letter, which was put in evidence, was not allowed to go to the jury. After the jury had retired they sent the deputy sheriff for the letter, but the counsel in the case, it appears, were not present in court, and the court refused to allow the letter to go to the jury. No exception appears to have been taken to such refusal, and the case, we think, is not reversible upon that ground.

The defendant contends that one of the jurors was incompetent because he was not a resident of the county. The affidavit of the juror was introduced by which it appears that a short time previous he entered upon certain land in another county with the design of pre-empting it. But the affidavit does not show that he had not abandoned the design at the time of trial, and was a resident of the county where the trial took place.

The defendant complains that the deputy sheriff communicated with the jury after they retired. The communication
2. ———: communication with jury. complained of is in relation to the letter, and the refusal of the court to allow it to go to the jury. It is not claimed that the slightest prejudice resulted to the defendant by reason of the communication, and the case, we think, is not reversible upon that ground.

The defendant complains that after the case was submitted the jury were allowed to separate before they had agreed upon
3. ———: jury. their verdict. The fact appears to be that when the jury were on their way to their room one of them separated so far as to go to his hotel and obtain some tobacco, but arrived at the jury room very nearly as soon as the rest of the jury, and before their deliberations had commenced. In the absence of a showing of prejudice we think that the separation was not such as to vitiate the verdict.

The defendant was sentenced for five years. He complains

that the sentence is excessive; but no evidence as to previous good character was introduced, and no mitigating circumstances are shown. When arrested a pewter knuckle was found upon his person, which is a circumstance against him. We should not be justified in reducing the sentence, and the judgment is

AFFIRMED.