MEHAN v. THE C., R. I. & P. R. Co.

1. **Practice**: NEW TRIAL: REVIEW OF ORDER GRANTING. While the Supreme Court interferes reluctantly with an order granting a new trial, yet, when such order is made because of the misapplication of a legal proposition by the court, it will be reviewed the same as a ruling upon a demurrer or other legal question.

2. ——: ——: SURPRISE. A party who is surprised on a trial by a witness testifying contrary to his expectation, and who before the close of the trial learns of other witnesses who will testify differently, cannot proceed with the trial, and after an adverse verdict obtain a new trial for the purpose of introducing such testimony.

*Appeal from Mills Circuit Court.*

THURSDAY, DECEMBER 16.

MARTIN MEHAN was in the employ of the defendant as a section hand. On the morning of the 13th of January, 1879, he and another section hand, named Dermoddy, went some thirty feet from the ground to the platform of a wind-mill of the defendant, which was used for pumping water to supply defendant's engines at Atlantic. The object in going upon the platform was to turn the wheel so as to raise the water and free the pump from ice by which it was obstructed, there not being sufficient wind to operate the mill. The two men started the wheel and descended part of the way down, when they observed that it had stopped. They returned and again set it in motion, when Mehan, by some contact with the wheel, was thrown to the ground and received injuries of which he died in three days thereafter. This action was brought by the plaintiff as administratrix of decedent to recover damages for the injury, and she alleged that the decedent at the time of the accident was exercising due and proper care and diligence, and that the defendant was careless and negligent.

There was a trial by jury, and a verdict was returned for the

defendant.    Upon motion of the plaintiff the verdict was set aside and a new trial granted.    Defendant appeals.

*Wright, Gatch & Wright* and *Hale, Stone & Proudfit*, for appellant.

*Curtis & Wedgewood* and *Chapman & Chapman*, for appellee.

ROTHROCK, J.—I.    After the evidence in the case was all introduced, the defendant moved the court to instruct the jury to return a verdict for the defendant.    The motion was sustained and the verdict was returned accordingly.    On the same day the plaintiff presented a motion for a new trial upon two grounds: the first being that the plaintiff was taken by surprise by certain testimony which was introduced upon the trial; and the second, because the court erred in instructing the jury to return a verdict for the defendant.    The record shows that the motion was overruled as to the second ground and sustained as to the first.    No exception was taken by the plaintiff to the overruling of the motion upon the second ground, and no appeal was taken therefrom.    Counsel for the appellee insist that, because the record entry sustaining the motion for new trial was general and did not designate upon what ground the motion was sustained, the action of the court in directing a verdict for the defendant is a proper subject for review, notwithstanding the bill of exceptions recites that the motion was overruled as to that ground. Without determining this question, it is sufficient to say that a careful examination of the whole record satisfies us that a verdict for the plaintiff would have been without warrant or support in the evidence.    In our opinion the plaintiff utterly failed to show that there was any negligence upon the part of the employes of the defendant in the care and management of the mill.

II.    We are next required to determine whether the show-

ing of surprise made by plaintiff was sufficient to authorize the order of the court granting a new trial.

The deposition of Dermoddy, the person who was upon the platform of the mill when the decedent fell therefrom, was taken by the plaintiff in the expectation that the witness would not be present at the trial. The defendant produced the witness at the trial, and the plaintiff was, therefore, not permitted to read the deposition to the jury, but was required to examine the witness orally. It was claimed in the motion for a new trial that the testimony of the witness at the trial was so different from that given by deposition that the plaintiff was misled and surprised, to her prejudice. The deposition was presented with the motion, from which it appears that Dermoddy testified therein that the wheel of the mill was not in gear when he and the decedent first ascended to the platform. In his testimony at the trial he stated that it was in gear at that time. Now, in view of the fact that when the two persons started to descend the wheel continued to revolve, that they looked back and saw that it had stopped, and again ascended and started it, the wheel must have been in gear when they started it the second and last time, we think it is questionable whether the difference in the testimony was material. Dermoddy, upon both occasions, testified that when they left the wheel the first time it was rovolving, and that it stopped as they were descending. However that may be, we would not reverse the ruling upon the ground of the immateriality of the difference in the testimony, because much is to be left to the discretion of the court in view of all the other evidence in the case. But where a party claims a new trial upon the ground of surprise which ordinary prudence could not have guarded against, he must show that he was, in fact, surprised, and make known such surprise within the proper time. It appears from the record that the motion asking the court to instruct the jury to find for the defendant was sustained on the 15th of May, 1880, and the motion for new trial was filed on the same day. The plaintiff knew

of the discrepancy in the testimony of the witness when he testified on the trial, and in no manner called the attention of the court or the witness to such discrepancy. The affidavit of the plaintiff was filed in support of the motion for a new trial, in which she stated that there were two witnesses by whom she expected to prove that the wheel was out of gear at the time her husband and Dermoddy went upon the platform, and that she had no knowledge of this evidence *"until this trial commenced;"* that she relied upon the deposition of Dermoddy to prove that fact., etc. Now, as the motion asking the court to instruct the jury to return a verdict for the defendant was the close of the trial—the last act before verdict—and as the plaintiff knew of the newly discovered evidence before the trial was concluded, her counsel should have at once moved the court for a continuance, or dismissed their action without prejudice. *Dunlavey v. Watson*, 38 Iowa, 398; *Hopper v. Moore & Co.*, 42 Iowa, 563. In *Alger v. Merritt*, 16 Iowa, 121, the fact that newly discovered evidence could be obtained was not known to the plaintiff until after the trial.

We are not unmindful of the rule announced in *Ruble v. McDonald*, 7 Iowa, 90; *Newell v. Sanford*, 10 Iowa, 396; *Shepherd v. Brenton*, 15 Iowa, 84, and other cases, that a stronger showing should be made to justify the interposition of this court when a new trial has been granted than when refused. But where the court in ordering a new trial misapplies a legal proposition, such ruling should be reviewed, where made upon a motion for a new trial, the same as upon a ruling on a demurrer or any other legal question, and in so doing the discretion reposed in the trial court, upon the matter of granting or refusing new trials, is in no manner interfered with.

1. PRACTICE: new trial: review of order granting.

In conclusion we may say that if a party is surprised upon a trial by a witness testifying contrary to his expectations, and before the close of the trial he learns of other witnesses who will testify differently, he cannot,

2. ——: ——: surprise.

without word or sign, proceed with the trial, take his chances for a verdict, and then be allowed a new trial. To sanction such a practice would permit parties to obtain new trials in all cases where a witness testifies upon a material question different from what was expected of him.

REVERSED.