## BRANT v. CITY OF LYONS.

1. **Practice in Supreme Court:** QUESTION TO EXPERT WITNESS: EVIDENCE TO SUPPORT. Where upon an assumed statement of facts an expert witness is asked for an opinion, but objection is made upon the ground that there is no evidence of the facts assumed, this court cannot consider such objection, when the abstract does not purport to contain all the evidence.

2. **Evidence:** CROSS-EXAMINATION. Testimony as to the condition of a sidewalk some months after the injury complained of, furnished no basis for a cross-examination as to the condition of the sidewalk at the time the injury occurred.

3. ———: EXPERT TESTIMONY: LIMITATION OF. A physician may give his professional opinion as to the cause of a hemorrhage, but it is not competent for him to express an opinion as to whether or not it was occasioned by the negligence of the patient.

4. **Practice in Supreme Court:** EVIDENCE NOT CERTIFIED. Where the abstract does not purport to contain all the evidence, this court cannot consider appellant's objections that the damages are excessive and that the verdict is not supported by the evidence.

5. **Exceptions to Instructions:** TIME OF TAKING. Exceptions to instructions, which are not taken when the instructions are given nor filed within three days after the verdict (Code, § 2789), cannot be considered.

6. **Juror:** MISCONDUCT OF: AFFIDAVIT TO ESTABLISH. An affidavit that one of the jurors, whose name is not given, was heard in the ante-room of the court house, in the presence of others, to discuss the evidence in the cause on which he was sitting, but which does not set forth what was said by the juror, is too indefinite to be made the basis for setting aside the verdict.

*Appeal from Clinton Circuit Court.*

SATURDAY, DECEMBER 9.

ACTION to recover for injuries sustained on defendant's sidewalk. Jury trial. Verdict and judgment for plaintiff for $1,000. The defendant appeals.

*A. T. Wheeler* and *N. Corning,* for appellants.

*W. C. Grohe* and *L. A. Ellis,* for appellee.

Brant v. City of Lyons.

DAY, J.—I. One Dr. Daly was produced as a witness on behalf of the plaintiff, and, having testified as to the nature and extent of the plaintiff's injuries, he was asked the following questions: "Suppose these injuries of which you speak were caused by falling violently upon a curb-stone, or the curbing or any other hard substance, and these symptoms of which you now testify followed this injury and this fall, to what would you attribute the illness and the difficulties of which the plaintiff was afflicted and suffering." The defendant's objection to this question was overruled, and this ruling is assigned as error. The only objection urged to this question is, that there is no evidence that the plaintiff fell upon the curb-stone or any obstruction on the sidewalk. The abstract contains no statement that it is an abstract of all the testimony. It is true the abstract contains a certificate of the official reporter that the pages to which it is attached contain a true transcript of the short-hand notes taken by him, and a certificate of the judge that the bill of exceptions contains all the evidence given and received on the trial of the cause. But there is nothing to show that the abstract is an abstract of all the evidence embraced in the reporter's notes or in the bill of exceptions. It follows that the objection urged to the question under consideration cannot be sustained.

1. PRACTICE in supreme court: question to expert: testimony to support.

II. John Nichols, street commissioner of the defendant, was produced as a witness and testified that, pursuant to a resolution of the council, passed on the thirteenth of May after the accident, he repaired the sidewalk where the injury was sustained. He further testified as to the condition of the sidewalk at that time. Upon cross-examination he was asked to state the condition of the sidewalk in the Spring, or April, 1881, which was about the time the accident occured. This question was objected to as not cross-examination. The objection was sustained. The ruling was right. Testimony as to the condition of the sidewalk after the injury, furnished no basis for a cross-examina-

2. EVIDENCE: cross-examination.

tion as to the condition of the sidewalk at the time of the injury.

III. Dr. Witherell, a witness introduced by the plaintiff, was asked on cross-examination the following questions:

*3. ———: expert testimony: limitation of.* "State whether a lady receiving injuries as I have mentioned, by falling as I have stated, and she has a slight hemorrhage, and after the lapse of a year she attends a dance, and after the dance a hemorrhage reappears, somewhat profusely, to the extent of four quarts, would you say it was negligence on the part of the party who received the injury, or would it be attributed to ordinary causes?" The plaintiff's objection to this question was sustained, and the ruling, it is claimed, is erroneous. Probably the witness, as an expert, might have given his opinion as to the causes of the hemorrhage. But clearly it was not competent for him to express an opinion as to whether it was caused by the plaintiff's negligence. The objection to the question was properly sustained.

IV. It is urged that the damages are excessive, and that

*4. PRACTICE in supreme court: evidence not certified.* the verdict is not sustained by sufficient evidence. As the abstract does not purport to be an abstract of all the evidence, these objections cannot be considered.

V. It is urged that the court erred in giving the second paragraph of the ninth instruction. No exceptions were taken to

*5. EXCEPTIONS to instructions: time of taking.* the instructions at the time they were given. The verdict was returned on the 6th day of May. On the 9th day of May a motion for a new trial was filed upon the ground, amongst others, that the court erred in giving the second paragraph of the ninth section of the charge. No ground of exception to the instruction was stated. Section 2789 of the Code provides: "Either party may take and file exceptions to the charge or instructions given, or to the refusal to give any instruction offered, * * within three days after the verdict, and may include the same in a motion for a new trial, but in either case the exceptions

shall specify the part of the charge or instruction objected to and the ground of the objection." On the 11th day of May, five days after the verdict, the defendant filed exceptions to the instructions, stating the ground of objection. These exceptions were made too late and cannot be considered. We reach this conclusion without regret, because it seems to us that the instruction is not vulnerable to the objection made.

VI. One ground of objection to the verdict is the alleged misconduct of the jury. This ground is supported by an affidavit as follows: "I, Charles Osborn, on oath depose and say that on May 4th, 1882, and upon the trial of the case of *Charlotte Brandt v. Lyons City*, I was present in the ante-room of the court-house of said county and heard one of the jurymen (his name I cannot state) discussing or talking about the evidence that had been produced in said action, in the presence of myself and other persons, in relation to said action; the exact words used in said conversation I cannot state." This affidavit is altogether too indefinite to be made the basis of setting aside the verdict. The name of the juror is not given, and thus no opportunity is furnished to rebut the statements of the affidavit. What was said is not stated, and we have no means of determining that it was improper or in any way prejudicial. The record discloses no error.

AFFIRMED.

6. JUROR: misconduct of: affidavit to establish.