## RIDENOUR v. CITY OF CLARINDA.

1. **New Trial:** MISCONDUCT OF JUROR: DISCUSSION OF CASE: AFFIDAVITS CONSIDERED. A new trial was sought by defendant on the ground that one of the jurors had permitted the case to be discussed in his presence during an adjournment; but, upon consideration of the affidavits of the parties, (see opinion,) *held* that no facts were established thereby, as distinguished from legal conclusions, which showed prejudice to the defendant, and made it obligatory on the court to grant a new trial.

*Appeal from Page Circuit Court.*

SATURDAY, DECEMBER 13.

ACTION for a personal injury received by plaintiff by falling upon a sidewalk, by reason of the same being obstructed by snow and ice, and dangerous to travel, as is alleged. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*Clark & Parslow* and *N. B. Moore*, for appellant.

*Hepburn & Thummel* and *W. W. Morsman*, for appellee

ROTHROCK, CH. J.—The defendant filed a motion for a new trial, one ground of which was the alleged misconduct of one of the jurors who tried the case. The motion was supported by three affidavits, one of which is as follows: "I, W. C. Stillians, on oath, do say that I am a resident of Clarinda, and that I am acquainted with Horace Pratt, who was a member of the jury that tried the cause of *N. C. Ridenour v. The City of Clarinda;* that shortly before the said cause was submitted to said jury, and while it was pending, I was present with him in John Burrows' drug-store, in Clarinda, and while he was present the merits of the case were fully discussed in his presence and hearing; that I myself said, in his presence, that 'it is a given-up fact that the plaintiff has the judge;' that it is patent to everybody that the judge is in favor of Newt., [meaning plaintiff,] and that his attorneys say he has an equal show with the jury; that a great deal more

VOL. LXV—30

was said than appears in quotation marks, and the case discussed from the beginning, and this juror made remarks concerning the case, saying that 'Morsman,' one of the attorneys in the case, 'was the best speaker and had the best voice;' and that the person to whom I was speaking replied that it was admitted that the plaintiff had the judge; that I did not know at the time I was talking that Horace Pratt was a member of the jury, and that he never made it known to any one that he was a juror, and never asked any one to desist, but waited and listened to the discussion for at least fifteen minutes; that he staid for awhile after it was suggested by some one that he [Pratt] was a juror; that I never would have discussed the case had I known he was a juror, and ceased as soon as I discovered it. All the above facts and statements are true, as I verily believe, so help me God." The other two affidavits corroborate that of Stillians in part, and in one of them it is stated that, when some one suggested that Pratt was a juror, he (Pratt) said: "Go ahead, boys; I will soon have the case decided;" and then retired.

The plaintiff, in resistance to the motion, filed the affidavit of the juror Pratt, in which he admitted that he was in the drug-store a few minutes, but that he heard no discussion in regard to the case; that when he went into the drug-store he heard Stillians say to some person there present that "Morsman has the judge," or "generally has the judge," and that he (Pratt) said, "I guess that is because Morsman is generally right;" but that he did not know, and had no reason to suppose, that the remark of Stillians was in reference to the case then on trial, and that some one said that he (Pratt) was a juror in the case, and he then said, "I guess I had better retire, for if I was to stay and hear anything that the case might be decided." The juror was corroborated in most particulars by the affidavit of another person who was present at the conversation, and with whom the juror went away from the drug-store.

Another affidavit was filed by the defendant, in which it

was stated that the cause was fully discussed upon its merits in presence of the juror, and that he said, "Go on with the case; I will soon have it decided." The court overruled the motion, and the defendant now insists that the ruling was erroneous, and that the judgment should be reversed.

It is the usual practice for the court to direct the jury that they must not join in conversation about the case pending the trial, and that, if persons engage in such conversation in their presence, they must retire, and not take part in the conversation, or admonish those engaged in the conversation that they are jurors, and request them to cease discussing the case. We cannot believe that any prejudice resulted from the conversation in the presence of the juror. It is not claimed that he entered into any discussion of the merits of the case. There is no impropriety in anything that he said, and what he did say in no manner indicated that he had any bias or feeling in the case. The facts set out in the affidavit do not disclose conversation that would influence the juror. It is stated in the affidavits that the case was fully discussed on its merits. This would not be possible in a conversation of a few minutes. If the case was discussed upon its merits, the facts should have been set out as distinguished from the conclusion of the affiants, so that the court could determine for itself, without accepting conclusions, whether or not the discussion tended to prejudice the defeated party.

The defendant cites us to the case of *Stafford v. The City of Oskaloosa*, 57 Iowa, 752, and *Ensign v. Harney*, 15 Neb., 330, as sustaining the motion in this case. Those were cases where attorneys of the successful parties were guilty of most flagrant misconduct in their social intercourse with jurors, by which the jurors were placed under personal obligations to them. The cases are not at all parallel with the case at bar. They involve misconduct of the attorneys of the successful parties, as well as misconduct of jurors.

AFFIRMED.