## McCash v. The City of Burlington.

1. **Cities and Towns**: CHANGE OF GRADE OF STREET: DAMAGES: INSTRUCTION. In an action for damages on account of the change of the grade of a street, the fact that the court stated in an instruction that by the change of grade plaintiff's buildings had been left " some two feet" below the newly established grade, when in fact they had been left two and one-half feet below, was not prejudicial error, as the court did not pretend to make a precise statement, and the jury had all the facts.

2. ———: ———: ———: ———. In such case a direction to the jury to consider "the improvement of the street as contemplated by the ordinance changing the grade" was not objectionable on the ground that the ordinance did not allude to any "improvement" of the street.

3. **Juror**: MISCONDUCT: NO GROUND FOR REVERSAL. A judgment for defendant will not be reversed on account of the misconduct of a juror, where nothing more is shown than that one of the jurors (not named) was addressed during an adjournment by a citizen of the defendant city (not named) who denounced the law, or the ruling of the court, and ridiculed the idea of plaintiff's being entitled to any damages.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, JUNE 15.

THE plaintiff is the owner of a lot which abuts on Jefferson street, in the city of Burlington. There is a brick block of buildings upon the lot, which is used for business purposes. The grade of Jefferson street was first established by the city in the year 1858. In 1866 the city changed the grade. In 1868 the plaintiff erected the block upon the lot, and in 1873 the building was destroyed by fire, and rebuilt. In 1884 the city again changed the grade, so that the plaintiff's building is below the established grade; and to make the block suitable for occupancy it will be necessary to raise the building. The plaintiff made application for an assessment of the damages he claimed to be due him by reason of the change of the grade of the street. The city council offered a certain sum in liquidation of the claim. The plaintiff

refused to accept the offer, and appealed from the proceedings had before the city council. After the appeal the city council withdrew the offer of payment, and the cause was tried anew by a jury, in the circuit court, upon its merits. There was a verdict and judgment for the defendant. Plaintiff appeals.

*J. C. Power* and *Newman & Blake*, for appellant.

*J. J. Seerley*, for appellee.

ROTHROCK, J.—I. It is provided by section 469 of the Code " that when any city or town shall have established the grade of any street or alley, and any person shall have built or made any improvements on such street or alley according to the established grade thereof, and such city or town shall alter such established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay to the owner. or owners of said property so injured the amount of such damage or injury.     *     *     *"

The question, and the only question, to be determined by the jury was, whether the alteration of the grade diminished the value of the plaintiff's property. Many facts were proper to be considered in determining this question. It appears from the evidence, without conflict, that a natural stream of water, called "Hawkeye Creek," ran through the street in question. The channel of the creek was on the north side of the street, and plaintiff's property fronted on the south side. Before the change of grade complained of, the channel of the creek was covered over with plank. The bed of the creek had filled up to some extent, so that it was subject to overflow, and, by reason of the covering over the channel, the street was uneven, and was not in a condition for travel for one-half its width. The city authorities made the change in the grade so that a permanent arched sewer could be made of the channel of the creek, and thus control its waters, and make an enduring and substantial street for the full width

thereof. This improvement required a change of the grade of the street. It is not denied that the city council had the legal right to make the change in question. There were a large number of witnesses called by the parties on the question in issue. The very decided preponderance of this evidence is to the effect that the plaintiff's property is more benefited by the change of grade than it will cost to raise his building to the grade. The jury found specially that the plaintiff's property, instead of being diminished in value by the change of grade, was actually benefited thereby, and we think the verdict not only finds support in the evidence, but that it accords with a very decided preponderance thereof.

Counsel for appellant complain of some rulings of the court made upon the admissibility of certain evidence. We do not think these objections are well taken, and these rulings appear to us to be so manifestly correct as to require no specific consideration.

II. Exceptions were taken to some of the instructions given by the court to the jury. These objections appear to us to be too technical to require extended consideration. For example, the court instructed the jury as follows:

"(2) It is not disputed that in 1866 the city established the grade of Jefferson street, including the portion abutting on plaintiff's real estate; that in 1868 plaintiff built the buildings on his said real estate, with reference to said grade; that in 1884 the city changed the grade of that portion of Jefferson street, so as to leave plaintiff's buildings some two feet below the newly-established grade, and it is for this that plaintiff claims damages in this suit. Under these undisputed facts, the only question for your determination is whether plaintiff has been damaged, as to his said property, by reason of the last change of grade, more than he has been benefited thereby, and, if so, how much."

1. CITIES and towns: change of grade of street: damages: instruction.

It is claimed that the statement that the change of grade left the plaintiff's buildings "some two feet" below the newly-

established grade was an incorrect statement of fact, and compelled the jury to make up their verdict upon a state of facts requiring the buildings to be raised two feet, when in fact they will be required to be raised about two and one-half feet. It is very plain that the court made no exact statement of the height to which it would be necessary to raise the buildings. It was equivalent to stating that the elevation of the buildings would be two feet or thereabouts. This could not have prejudiced the plaintiff, even if it was slightly more than two feet. The material question for the jury was the expense attending the raising of the buildings to correspond with the new grade.

III. It is claimed that the court erred in stating to the jury that they should consider "the improvement of the street as contemplated by the ordinance changing the grade." The ground of the complaint is that the ordinance changing the grade does not allude to an improvement of the street. We think it is immaterial whether the ordinance in terms provides for an improvement of the street. All changes of grade are made for the very purpose of improving the streets, and the evidence in this case shows that such was the purpose of the city council, and that the street has been greatly improved thereby. It is wholly immaterial, therefore, whether the court directed the jury to consider the improvement contemplated by the ordinance, or whether they should consider that an improvement was contemplated by the city authorities.

2. __:__:
__:__: 

We do not think it necessary to specially notice other objections to the instructions. It appears to us that the case was fairly submitted to the jury.

IV. It is insisted that the judgment should be reversed because of the alleged misconduct of one of the jury. This alleged misconduct is based upon an affidavit of one of the witnesses for the plaintiff, to the effect that, at an adjournment of the court pending the trial, he (the witness) was engaged in conversation with one

3. JUROR:
misconduct:
no ground for
reversal.

of the jurors in front of the court house, when a resident of Burlington approached the juror, and engaged him in conversation concerning the case; that the person referred to denounced the law, or the ruling of the court, and ridiculed the idea of plaintiff being entitled to any damages, etc. The affiant could not identify or name the juror, and did not name the person who engaged with him in the conversation, and it does not appear from the affidavit that the juror made any reply to the person by whom he was approached. We are asked to presume that the juror was improperly influenced by what was said to him. This would be rather a violent presumption, in the absence of any showing that he in any manner joined in the conversation, or invited it, or assented to it. The mere fact that he did not demand that the person by whom he was approached should cease to talk to him about the case ought not to be held to vitiate the verdict.

AFFIRMED.