ERNEST FOEDISCH v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

**Misconduct of Juror:** NEW TRIAL NOT GRANTED. In the absence of 1 a showing that prejudice resulted, a new trial should not be granted plaintiff, because the jurors, while viewing the premises involved, asked plaintiff questions about the case, which questions amounted, simply, to a speaking aloud of the juror's thoughts, no reply being made to such questions, and no one talking to the jurors.

KNOWLEDGE OF MISCONDUCT BEFORE CLOSE OF TRIAL: *Estoppel.* A party, who, knowing before the conclusion of the trial, of mis- 2 conduct of the jury, proceeds without objection, cannot have a new trial, by reason thereof.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

WEDNESDAY, JANUARY 27, 1897.

APPEAL from an order of the district court sustaining plaintiff's motion to set aside the verdict rendered in favor of the defendant, and granting a new trial.—*Reversed.*

*Hubbard & Dawley* for appellant.

*Flickinger Bros.* for appellee.

KINNE, C. J.—I. The action was to recover five hundred and fifty dollars as damages caused by water

to a stock of tobacco, cigars, and other articles, stored
in the cellar of plaintiff's residence, in the city of Coun-
cil Bluffs, Iowa. The charge is that the bridge of the
defendant company across Indian Creek, in Council
Bluffs, was so negligently constructed that it did not
furnish sufficient waterway, thereby causing said over-
flow. The evidence tended to show that the creek
flowed in an artificial channel, constructed many years
ago by the city of Council Bluffs. In constructing the
channel, the earth thrown out was left at the sides of
the channel, forming an embankment on each side,
above the natural level of the adjacent ground. On the
night of June 2, 1890, an extraordinary rainfall occurred,
and much rubbish, including planks and cordwood, was
carried down the stream, and against this bridge.
Being thus obstructed, the water broke through the
embankment, and spread over the flat, filling plain-
tiff's cellar. The jury found for the defendant. Two
days before the trial was concluded, the jury, with
the consent of the parties, viewed the prem-
ises. After the verdict, plaintiff filed his affi-
davit in support of his motion for a new trial,
in which he says: "That at such visit one of the jury-
men, whose name I am unable to give, asked me about
the sidewalk in front of the schoolhouse, and when it
had been graded up, and whether or not my sidewalk
was of same height it was at the time of the flood.
That he also said that he had examined the founda-
tion of the house, and that what I had sworn to was
not true, for the foundation was higher than I had
actually stated, and also that the cellar wall was higher
than I had stated. That one of the jurymen asked
me to go down cellar, and show him how high the
water had risen in it. That the bailiff told me not to
talk to the jurors, and I refused to go down with him
into the cellar, or hold any conversation with him."

The plaintiff's wife, Lizzie Foedisch, also made affidavit: "That one of the jurors came to me, and asked me where the hole was, through which the water had come into the cellar. I told him that we had had the hole bricked up. After they had gone into the cellar, one of the jurors, whose name is unknown to me, said that the foundation was not as high as we had sworn to, and that the cellar was higher up than we had sworn to; and that we had not, when under oath, sworn correctly as to the height of the foundation and the cellar." Affiant further states that members of the jury, whose names are unknown to her, made various inquiries as to the grade of the lot, and whether or not its condition now was the same as at the time of the flood. The court set aside the verdict on account of this showing, and the defendant appeals.

Code, section 2837, provides for the granting of a new trial "on the application of the party aggrieved for the following causes, affecting materially the substantial rights of such party:  *  *  *  (2) Misconduct of the jury." It is urged that the court erred in granting the new trial. It will be observed that neither of the affiants said anything to the jurors who spoke to them, except Mrs. Foedisch, who told the juror the hole had been bricked up. It was improper for these jurors to talk to these parties, but we do not discover how the substantial rights of the plaintiff were or could have been affected thereby. No prejudice could arise by reason of Mrs. Foedisch's statement. The most that can be said is that the jurors were making a mental comparison of the situation as they observed it with the testimony they had heard, and in doing so improperly expressed their thoughts in words. So long as the conversation was all by the jurors, and no answers were made to their

questions, they were not advised of anything by reason of such conversation which they did not already know, and hence it is impossible that the plaintiffs could have been prejudiced thereby.  A verdict will not be set aside merely because a jury member has, in violation of his sworn duty, talked to persons about the case.  It must appear that the misconduct was such as to materially affect the substantial rights of the complaining party.  *Brant v. City of Lyons*, 60 Iowa, 172 (14 N. W. Rep. 227); *Ridenour v. City of Clarinda*, 65 Iowa, 465 (21 N. W. Rep. 779); *McCash v. City of Burlington*, 72 Iowa, 26 (33 N. W. Rep. 346); *Stockwell v. Railroad Co.*, 43 Iowa, 470; *Fulliam v. City of Muscatine*, 70 Iowa, 436 (30 N. W. Rep. 861); *Truman v. Bishop*, 83 Iowa, 697 (50 N. W. Rep. 278); *State v. Woodson* 41 Iowa, 425; *Bowman v. Manufacturing Co.*, 96 Iowa, 188 (64 N. W. Rep. 777).  In this case no prejudice is shown because of the misconduct, nor does it appear that there is any ground for presuming prejudice.

II.   Even if the conduct of the jurors complained of could be said to be prejudicial to plaintiff, he is in no situation to now avail himself of it.   It appears without dispute that the alleged misconduct was known to plaintiff a day or two before the trial was concluded.   He took no steps to call it to the attention of the court.   He seems to have been willing to go on with the trial, taking his chances of a favorable verdict, making no objection until after he is defeated.   Knowing, as he did, of the misconduct, and proceeding thereafter with the trial without objection, he should be held to have waived his right to insist upon it.   *Stewart v. Ewbank*, 3 Iowa, 191; *Riley v. Monohan*, 26 Iowa, 507; *Mehan v. Railroad Co.*, 55 Iowa, 305 (7 N. W. Rep. 613); *Riech v. Bolch*, 68 Iowa, 526 (27 N. W. Rep. 507); *Koester v. City of*

*Ottumwa*, 34 Iowa, 41.    This is the rule in other juris-
dictions.    *Bourke v. James*, 4 Mich. 336; *Hallock v.
County of Franklin*, 2 Metcalf (Mass.) 560; *Fox v. Haz-
elton*, 10 Pick. 275; *Easley v. Railway Co.* (Mo. Sup.)
20 S. W. Rep. 1073; *Wynn v. Railway Co.* (Ga.) 17 S.
E. Rep. 649; *Fessenden v. Sager*, 53 Me. 531; *Scott v.
Waldeck*, 11 Neb. 525 (10 N. W. Rep. 409); Id. (Neb.)
10 N. W. Rep. 413; *Stampofski v. Steffens*, 79 Ill. 303.
In any event, then, the motion for a new trial should
not have been sustained.    For this error the judgment
below is REVERSED.