## STATE OF IOWA v. LUCY FOSTER, Appellant.

**Criminal law:** CONFESSION: ADMISSIBILITY. The admissibility of a
1   confession becomes a question for the jury where there is a
conflict in the evidence as to whether it was voluntarily made,
without inducement or promise of immunity from prosecution.

**Same.** The fact that statements of one charged with crime may
2   have been made under circumstances justifying their exclusion
will not render a subsequent confession made under different
circumstances and to different parties inadmissible.

**Same:** EXCLUSION OF EVIDENCE: INSTRUCTION. In the instant case,
3   where certain evidence relating to the confession of defendant
was stricken from the record in the presence of the jury just
prior to submission of the case, failure to again advise the
jury by instruction that the evidence should not be considered
was not erroneous.

**Confessions:** EVIDENCE. A wife's confession of infidelity to her
4   husband cannot be negatived by proof of specific acts of good
conduct toward him.

**Jurors:** CHALLENGES. The overruling of a challenge to a juror for
5   cause is not reversible error where it does not appear that the
juror was allowed to sit or that defendant's peremptory chal-
lenges were exhausted.

**New trial:** MISCONDUCT OF JUROR. An affidavit merely that a juror
6   was called from the jury room and had a conversation with a
man unknown to affiant, who paid the juror a sum of money,
is not sufficient to support an allegation of misconduct; and the
showing is too indefinite to cast on the State the burden of
investigating the alleged misconduct.

**Same:** EVIDENCE IN SUPPORT OF NEW TRIAL. A motion for new trial
7   based on misconduct of the jury should be sustained by affi-
davit; and in the absence of a showing of inability to procure
affidavits sufficient to make a *prima facie* case the court is not
required to allow the subpœna of witnesses for that purpose.

**Same:** FAILURE TO SWEAR OFFICER. Failure to swear an officer in
8   charge of a jury does not in itself constitute ground for a new
trial.

*Appeal from Kossuth District Court.*— HON. A. D. BAILIE,
Judge.

THURSDAY, DECEMBER 12, 1907.

THE defendant and one Clarence Robison were jointly indicted for an assault with, intent to commit murder upon one F. E. Foster, the husband of this defendant. On a separate trial the defendant was found guilty and sentenced to imprisonment in the penitentiary, and from this sentence she appeals.— *Affirmed.*

*F. M. Taylor* and *E. V. Swetting,* for appellant.

*H. W. Byers, Attorney General,* and *Chas. W. Lyon, Assistant Attorney General,* for the State.

McCLAIN, J.— The husband of the defendant was dangerously wounded by being shot in the face by a bullet from a revolver on the night of February 10, 1901, while he was returning to his home from his place of business in the city of Algona. When the defendant was put on trial in March following, charged as being one of the persons who committed the assault, her codefendant, as a witness for the state, testified to having fired the shot causing the injury, and there was evidence of confessions by defendant as to her complicity in the crime which fully warranted her conviction. Practically the only questions raised on this appeal relating to the merits of the case are as to the admissibility of the evidence of these confessions and the correctness of the instructions relating thereto.

I.  It is contended for appellant that the evidence of confessions made by her was erroneously admitted, because it appeared that they were made under the inducement of promises that she would not be prosecuted if she told what she knew about the case and assurances that it would be better for her to state all that she knew. These confessions consisted of statements made on the forenoon of February 21st follow-

1. CRIMINAL LAW: confession: admissibility.

ing the commission of the crime to the physician who was attending defendant's husband at the home of defendant and her husband, and further statements made on the afternoon of the same day to the physician and two attorneys, one of them the county attorney, summoned by the physician at the request of defendant and her husband to hear defendant's statements. A written confession made out, as we understand it, on the same afternoon and signed by the defendant, was also introduced in evidence. Defendant's husband, who was a witness in her behalf with reference to all these statements, testified as to assurances given by him to the defendant in the forenoon that he had no desire to prosecute her, and to similar assurances given by the county attorney in the afternoon before the facts were fully detailed by the defendant as to her connection with the crime. The testimony of the physician, who alone recited the statements made by the defendant in the forenoon, was at the conclusion of the evidence taken from the jury, and for some reason not clearly appearing in the record the testimony of the county attorney, as to the specific statements constituting a confession, was also excluded on defendant's motion. But the testimony of the other attorney as to the oral statements made by defendant in the afternoon and the written confession were allowed to stand, and, if properly received in evidence, warranted the conviction.

The testimony of the doctor and two lawyers who were present, in reference to the entire conversation preceding and containing the confession made by defendant in the afternoon, tended to show without dispute that the confession was freely and voluntarily made without inducements or promises, and the only question as to their admissibility was that arising on the testimony of the defendant and her husband contradicting the testimony of the other witnesses. Under these circumstances the admissibility of these confessions was for the jury. *State v. Storms,* 113 Iowa, 385;

*State v. Wescott,* 130 Iowa, 1; *State v. Von Kutzleben* 136 Iowa, 89.

Even if defendant's husband had assured her in the morning before her first statement was made that he had no desire to prosecute her, she could not assume in the after-

2. SAME.

noon when the whole situation had been changed by reason of her disclosures and two attorneys had been summoned, one of them the county attorney, to listen to what she had to say, that she was speaking under any immunity or promise of exemption. And as already indicated, the testimony of the state directly negatived any continuing promise or inducements being held out to her. Under these circumstances the fact that the statements in the morning may have been made under such inducements as to justify the exclusion of the evidence with reference thereto would not render the confession in the afternoon inadmissible. *State v. Westcott,* 130 Iowa, 1, 6.

No complaint is made of the instruction in which the question as to whether the confessions as admitted in evidence were free and voluntary was submitted to the jury. The complaint is that the confessions were not such as a jury should have been allowed to consider, and in this respect, as already indicated, there was no ground of complaint.

The authorities cited for appellant are not in point. They relate to the nature of the promises and inducements which will render confessions involuntary and inadmissible; but it is not claimed that the law was erroneously stated to the jury, and there was conflict in the evidence with reference to the assurances which it is claimed were given to the defendant, and, as the giving of such assurances was distinctly negatived by the testimony in behalf of the state, the verdict of the jury is conclusive upon us.

As the ruling of the court excluding the testimony of two of the witnesses for the prosecution with reference to the statements of defendant constituting a confession was made

at the conclusion of the evidence and just before the giving of the instructions to the jury, and, as the record tends to show, in the presence of the jury, we think there was no error in failing to again advise the jury by instruction that this testimony was not to be considered by them in reaching a verdict.

3. SAME: exclusion of evidence: instruction.

II.   Evidence was offered in behalf of defendant tending to show that she had been a faithful and industrious wife in caring for the household and in looking after her children, but this evidence was clearly incompetent.   The good character of the defendant could be shown, but it was not competent to attempt to offset her confessions of guilt by proof of good conduct as a wife and mother prior to the time when the crime was committed and the confessions were made, even though the confessions showed infidelity to her husband at the time to which the offered evidence of good conduct related. No authority is cited to support the proposition that specific good conduct in particular respects is competent to negative the proof of bad conduct afforded by the defendant's confessions.   In short, confessions of a wife that she has through a considerable period of time been unfaithful to her husband are not to be negatived by proof that she concealed from him the knowledge of her unfaithfulness by continuing to keep house for him and care for their children.

4. CONFESSIONS: evidence.

III.   Complaint is made as to the overruling of challenges to jurors on the ground that they had formed and expressed opinions hostile to defendant with reference to her guilt.   Without regard to the correctness of the ruling of the court under the evidence set out in the record, it is sufficient to say that it is not made to appear that the jurors thus challenged for cause were allowed to sit on the jury or that the peremptory challenges for defendant were exhausted.   Under these circumstances we have uniformly held that no ground for reversal is made

5. JURORS: challenges:

out.    As to rulings such as these, prejudice must be made to appear in order to justify a reversal.    Prejudice would of course be presumed if a juror clearly shown to be incompetent or disqualified were allowed to constitute one of the panel against defendant's objection, and without opportunity on his part to exclude such juror from the panel.    But where it does not even appear that the objectionable juror formed part of the panel, we cannot presume the fact which would render the ruling of the court prejudicial.    *State v. Wright,* 112 Iowa, 436; *State v. Fielding,* 135 Iowa, 255; *Harris v. Moore,* 134 Iowa, 704; *Furlong v. American Central Fire Ins. Co.,* 136 Iowa, 499.

IV.    As a ground for new trial defendant alleged that the jurors had not been kept together after the case was submitted to them, and in support of this allegation of miscon-

6. NEW TRIAL:
   misconduct
   of juror.

duct introduced the affidavit of defendant's husband that " one of the jurors was called · from the jury room and had a conversation with a man to me unknown, said man paying said juror a sum of money."    This was the only showing on the subject, and the court was not in error in refusing to grant a new trial on this ground.    No excuse whatever is suggested in the affidavit for not disclosing the name of the juror and thus enabling the state to investigate the facts.    While the act charged, if true, was improper on the part of the juror, it does not in itself suggest prejudice as against the defendant, and might have been explained in such a way as to negative any possible injury to her defense.    The showing was not sufficient to cast any obligation on the state to find out whether any of the jurors, and, if so, which one, was involved in the alleged misconduct, and what was said by or to the juror.    *Brant v. Lyons,* 60 Iowa, 172; *McCash v. Burlington,* 72 Iowa, 26; *State v. Wart,* 51 Iowa, 587; *Foedisch v. C. & N. W. R. Co.,* 100 Iowa, 728.    To throw upon the state the burden of an explanation, the showing of misconduct must be such as to indicate prejudice to the

party complaining.  *Purcell v. Tibbles,* 101 Iowa, 24; *State v. Gross,* 95 Iowa, 629; *State v. Beste,* 91 Iowa, 565; *Carbon v. Ottumwa,* 95 Iowa, 524.

In support of an allegation in the motion for a new trial that there was misconduct of members of the jury, not named, in talking over the case during the progress of the trial and offering to bet with others of the jury that the defendant was guilty and would be convicted, counsel for defendant proposed at the time when the motion for new trial came up for consideration by the court that they would produce witnesses other than the members of the jury to show such facts.  The objection on the part of the state to this application was sustained.  Plainly this ruling was not erroneous.  The motion for new trial, as far as it is based on alleged misconduct of the jury, must be sustained by affidavits.  Code, section 3756.  If counsel were unable to present affidavits in support of their allegation of misconduct such as to make out even a *prima facie* case, the court was not bound to allow them to subpœna witnesses and enter upon a fishing expedition for the purpose of discovering some possible indication of prejudice.  If persons having knowledge of the facts refused to make affidavit, the remedy was under Code, sections 4675–4677, to proceed to compel the persons supposed to be cognizant of the facts to make affidavits with reference thereto.  It may be that in a proper case the court would be justified in causing witnesses to be subpœnaed, but the showing in this case was altogether insufficient to entitle the defendant to have such an investigation made.  There was no suggestion of any reason why the affidavits had not been procured, and the court was not advised even as to the names of the persons whom the defendant wished to have subpœnaed or offered to produce, nor as to the specific facts which the defendant proposed to prove by such witnesses.  From the court's ruling on this application it appears that counsel for defendant had failed, upon being

*7. Same: evidence in support of new trial.*

given opportunity, to furnish affidavits as provided by statute, and no excuse for not doing so is shown or suggested. Under these circumstances there was no error in overruling the application.

V. In further support of the motion for a new trial it was shown by the affidavit of the officer who was appointed by the court to have charge of the jury during its deliberations that he was not sworn. While it is required by Code, section 5387, that such officer must be sworn, and this requirement is mandatory and not directory merely, yet the failure to administer an oath to such officer is not made a ground for new trial, and does not in itself constitute such prejudicial error as to require the granting of a new trial. *State v. Crafton,* 89 Iowa, 109, 120.

8. SAME: failure to swear officer.

Appellant's motion to strike appellee's argument because not filed in time is overruled. Appellant has replied to the argument, and no prejudice is made to appear.

We find no error, and the conviction is *affirmed*.