C. H. McNider, Appellee, v. W. C. Fisher, Appellant.

**NEW TRIAL:** Separation of Jurors.  The mere fact that two jury-women, with a woman bailiff, retired at a late hour at night to a room separate from the other jurors, and did not return to the full jury until the following morning, presents no ground for a new trial, it being made to appear that nothing but a very incidental and inconsequential conversation was had about the cause on trial.

*Appeal from Cerro Gordo District Court.*—M. F. Edwards, Judge.

March 11, 1924.

Action to recover rent.  The suit was aided by a landlord's attachment.  The answer was a plea of payment.  The cause was submitted to a jury, that returned a verdict for the plaintiff, and the defendant appeals.—*Affirmed.*

*Brate Wringer,* for appellant.

*John C. Shipley* and *Smith & Feeney,* for appellee.

Faville, J.—I.  The sufficiency of the evidence to sustain the verdict of the jury is challenged by appellant.  The evidence was in direct conflict.  The jury accepted appellee's version, rather than that of appellant.  Its conclusions upon such conflicting evidence are binding upon us, under such circumstances.  We cannot interfere.

II.  The jury was composed of ten men and two women.  After the cause was submitted, the jury retired to the jury room in the courthouse, and entered upon its deliberations.  About eleven o'clock at night, the two women members of the jury left the large jury room, and were conducted by the bailiff to a smaller jury room in the courthouse, where they remained during the remainder of the night, sleeping on cots.  In the morning, the women jurors returned to the large jury room, and remained with the other members of the jury until a verdict

was agreed upon, and the jury returned said verdict and were discharged. It appears from the record that there were three cots in the smaller room to which the women jurors were taken, and that the bailiff remained with said jurors the remainder of the night, and slept in the room with them. The bailiff was a woman, by the name of Mrs. Kunz.

Each of the women jurors made affidavits in support of the motion for a new trial, and made explanatory and counter affidavits which were attached to the resistance to the motion for new trial. The affiants were not produced for cross-examination. In the original affidavits there was a statement that the bailiff "discussed the evidence" with the said women jurors under said circumstances. The counter affidavits of the jurors, however, explained more in detail what took place.

The woman bailiff averred:

"* * * at no time during said trial or during the time when the jury was considering said cause did I in any manner or to any extent express any opinion to either Mrs. Ziesmer or Mrs. Holman, or in the presence of either of them, as to the merits of said case, and at no time did I to any degree or any extent mention, talk of, or discuss any of the evidence offered in said cause, or the instructions given by the court, or mention to either of said jurors or in their presence and hearing any fact or circumstances relative to either the plaintiff or the defendant, or to the outcome of said cause."

One of the women jurors averred:

"At no time during the period when the jury was considering the case and after the same was submitted to them did Mrs. F. H. Kunz make any comments or statements concerning the evidence offered on the trial, or any facts concerning the merits of the case, or in any manner make any statements or express any opinion of any kind as to the method or manner in which the case should be decided, or the results to be obtained; that the only thing said between Mrs. F. H. Kunz and myself or Mrs. Kunz and Mrs. Ziesmer in my presence was something to the effect as to how long it would require the jury to come to a conclusion; that Mrs. Kunz at no time in my hearing, to either myself or Mrs. Ziesmer, made any statement for either the plaintiff or the defendant, or expressed any opinion on any

phase or part of the testimony or the instructions of the court, and so far as I was able to determine, had no opinion as to the verdict that should be rendered.''

The other of the women jurors averred:

''I do now state that, after Mrs. Holman and myself were taken to a separate room for the night, under the charge of Mrs. F. H. Kunz, and after entering this room, someone asked the question as to how the vote stood. In reply to this question, a statement was made. as to how the last ballot stood, being eight for the defendant and four for the plaintiff. The only thing I heard Mrs. Kunz say was that she did not hear any of the evidence, and knew nothing about it. That I heard Mrs. Kunz make no other statements of any kind or character in respect to said case.''

Upon this record, the question arises as to whether or not there was such misconduct on the part of the jury as entitled appellant to a new trial.

Code Section 3711 is relied upon by appellant. Said section provides as follows:

''When the case is finally submitted to the jury, they may decide in court or retire for deliberation. If they retire, they shall be kept together, under charge of an officer until they agree upon a verdict or are discharged by the court. The officer having them under his charge shall not suffer any communication to be made to them, or make any himself, except to ask them if they have agreed upon their verdict, unless by order of the court, and he shall not, before their verdict is rendered, communicate to any person the state of their deliberations or the verdict agreed upon.''

Appellant insists that, under the terms and provisions of this statute, it is required that the officer shall ''keep the jury together,'' and that this was not done in the instant case.

The mere fact that these two jurors were temporarily absent from the other members of the jury, under the circumstances disclosed, without any showing of prejudice, was not, in and of itself, sufficient to justify the court in granting a new trial of the case.

In *State v. Fertig*, 70 Iowa 272, a juror was permitted to leave the jury room after the cause had been submitted, to go

into the court room and testify as a witness in a case which he then had on trial in court. We held that there was no prejudice to the defendant by reason of such absence from the jury room, and that a verdict could not be set aside because thereof.

In *State v. Griffin*, 71 Iowa 372, a juror was taken sick, and was permitted to separate from the others and take a walk in the open with an officer. It was held that no prejudice resulted.

In *State v. Bowman*, 45 Iowa 418, a juror left the room, accompanied by a deputy sheriff, for a necessary and proper purpose. We held that it was not ground for a new trial.

To the same effect, see *State v. Wart*, 51 Iowa 587; *State v. Wright*, 98 Iowa 702; *State v. Foster*, 136 Iowa 527; *State v. Towne*, 180 Iowa 339; *State v. Bogardus*, 188 Iowa 1293; *Cook & Owsley v. Walters*, 4 Iowa 72; *Boggs v. Chicago & N. W. R. Co.*, 29 Iowa 577; *Allison v. Chicago & N. W. R. Co.*, 42 Iowa 274.

No prejudice whatever is shown from the mere fact that the two jurors were allowed to separate from the remaining jurors under the circumstances shown, and appellant was not entitled to a new trial because of such separation.

III. It is urged by appellant, however, that there was misconduct on the part of the jury in the fact that it is claimed that there was a conversation between the said women jurors and the woman bailiff in regard to the case. We have heretofore set out the record in regard to what took place respecting said conversation.

In *State v. Wart*, 51 Iowa 587, the deputy sheriff in charge of the jury was sent by them to secure a certain letter which had been put in evidence. The court refused to allow the letter to go to the jury, and the deputy sheriff communicated with the jury in relation to the letter and the refusal of the court to allow it to go to them. No prejudice was shown, and we refused to reverse.

In *State v. Wright*, 98 Iowa 702, some of the jurors separated from the others and went to the post office, and one of them was asked by an outsider what the jury had done, and replied that they had done nothing. We held that, although the statute had been violated, there was no showing of prejudice.

In *State v. Lindsay*, 161 Iowa 39, it appeared that the bailiff

had a conversation with some of the jurors aside from inquiring as to whether or not they had agreed upon a verdict. We held that, upon the record of such conversation, there was no showing of prejudice to the defendant, and that the motion for new trial based upon misconduct was properly overruled. See, also, *State v. Cowan,* 74 Iowa 53.

The case is very different from *State v. Peirce,* 178 Iowa 417, and *State v. La Grange,* 99 Iowa 10, and similar cases where the communication between the bailiff and the jurors might well have affected the action of the jury, and constituted misconduct.

In civil cases, we have repeatedly adhered to the rule above stated. In *Ridenour v. City of Clarinda,* 65 Iowa 465, we said:

"The facts set out in the affidavit do not disclose conversation that would influence the juror. It is stated in the affidavits that the case was fully discussed on its merits. This would not be possible in a conversation of a few minutes. If the case was discussed upon its merits, the facts should have been set out, as distinguished from the conclusion of the affiants, so that the court could determine for itself, without accepting conclusions, whether or not the discussion tended to prejudice the defeated party:"

To similar effect, see *Walker v. Dailey,* 87 Iowa 375; *Miller v. Root,* 77 Iowa 545; *Foedisch v. Chicago & N. W. R. Co.,* 100 Iowa 728; *McCash v. City of Burlington,* 72 Iowa 26; *Montgomery v. Hanson,* 122 Iowa 222; *Brossard v. Chicago, M. & St. P. R. Co.,* 167 Iowa 703; *Becker v. Incorporated Town of Churdan,* 175 Iowa 159.

The record fails to show that any prejudice could have resulted to appellant from the conversation with the bailiff of which complaint is made. The court did not err in refusing to grant a new trial because of the alleged misconduct on the part of the jurors, either in the matter of separation or of the alleged conversation with the bailiff. The court did not abuse its discretion in refusing to sustain appellant's motion for a new trial on the ground of newly discovered evidence. The evidence was cumulative.

No exceptions were preserved to the instruction of which complaint is made. It appears to be, in effect, one that has been often approved by this court.

We find no error in the record requiring interference on our part, and the judgment appealed from must be, and it is,—*Affirmed.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.