## Purinton *vs.* Humphreys.

Where the jury, after they retired to deliberate on a cause, received and were influenced by the declarations of one of their fellows, discrediting a material witness of the plaintiff; it was held to be no good cause to set aside the verdict.

Neither will a verdict be set aside because the jury, without the privity of the prevailing party, and being fatigued and exhausted with the length of the trial, were furnished with some refreshments at their own expense, during their deliberations on the cause; however liable the jurors might be to personal admonition from the court for such misconduct.

But if ardent spirits constitute part of such refreshments, and appear to have operated upon any juror so far as to impair his reasoning powers, inflame his passions, or have an improper influence upon his opinions, the verdict would probably be set aside.

AFTER a verdict for the defendant in this cause, the plaintiff moved the court to set it aside;—*first,* because the jury, after being charged with the cause, and having retired to deliberate upon it, received and were influenced by the declarations of one of their fellows, discrediting a material witness for the plaintiff; and *secondly,* because after they retired, and before the verdict was agreed upon, they were furnished with divers refreshments, in meats and drinks.

In support of the motion, it was proved that during their deliberations they procured, at their own expense, by means of the officer who had them in charge, a quart of rum, a bottle of gin, and some herrings, apples and cheese; and that a small part of the rum, and about half the gin, was not consumed.

*Mitchell,* for the plaintiff, abandoned the first cause assigned. But on the second point he contended strongly that the verdict ought to be set aside. He argued from the necessity of preserving the purity of jury trials; the right of every citizen to have the benefit of the unclouded mind and calm judgment of every juror; the grossness of their misbehavior in the present case; the danger of suffering ardent spirits to be introduced into the jury-room under any circumstances; the quantity here consumed; and the extreme probability, almost amounting to certainty, that some of the jurors must have been improperly excited.

*Fessenden* and *Deblois*, for the defendant, cited *King v. Free-port*, 13 *Mass*. 218 ; *St. John v. Abbot, Barnes*, 441 ; 7 *Bac. Abr.* 12, *Verdict H* ; *Vicary v. Farthin, Cro. El.* 411 ; *Bull. N. P.* 308 ; *Co. Lit.* 227, *b* ; *King v. Burdett*, 2 *Salk.* 645 ; 1 *Sty. Pr. Reg.* 641 ; 4 *Bin.* 150.

MELLEN C. J. delivered the opinion of the Court.

The first cause assigned in support of the motion is very properly abandoned. The second, it is urged, furnishes a legal ground for setting aside the verdict. There is no question that the conduct of the jury and of the officer attending them was highly improper, though the court have no reason for believing that any disrespect to the laws was intended by either of them. It is admitted by the parties that the refreshment was furnished to the jury at a time when they were fatigued, and somewhat exhausted by their labors. Still nothing of the kind should have been allowed without permission from the court. The example is injurious in its operation, and repetition of it must be prevented. If we had any grounds for believing that the ardent spirit which they procured had so far operated upon any one of the jury, as to impair his reasoning powers, inflame his passions, or have an improper influence upon his opinion, the case would wear a very different complexion, and might be decided in a different manner. But it appears that the refreshment was furnished at the expense of the jury, and without any privity on the part of the defendant ; he stands perfectly innocent, and claims the benefit of the verdict which has been returned in his favor. The authorities cited by his counsel seem clearly to establish the principle that many instances of misconduct in a jury, which would justly subject them to censure and punishment, will not vitiate the verdict, where the party claiming the benefit of it is not blame-worthy. We are aware of the importance of preserving our jury trials as pure as possible ; and where a case presents to the court an instance of wilful misconduct, or gross misbehaviour, or intentional misdemeanor, on the part of the jury in the discharge of their official duty, the court will surely take care that the laws shall be promptly vindicated. In the circumstan-

ces of the present case, we peceive no reason for sustaining the motion, and accordingly there must be

*Judgment on the verdict.*