## THE STATE v. FERTIG.

1. **Intoxicating Liquors:** NUISANCE: "APPENDAGE" TO SALOON. Where the front room of defendant's building was used as a liquor saloon, but other portions of the building were occupied by his family, and the evidence, on the trial of an indictment for keeping a nuisance, tended to show that a back room was used for a kitchen, and also as a place for storing liquors, *held* that the court did not err in its instructions in referring to said back room as an "appendage" to the saloon.

2. **Criminal Procedure:** JURY: ALLOWING JUROR TO BE ABSENT. After the jury in this case had retired for deliberation, the court permitted one of the jurors to leave the jury room and to be present in the court room to attend to a cause there pending to which he was a party, and to testify in such cause. *Held* no abuse of discretion, and no ground for a reversal.

*Appeal from Floyd District Court.*

SATURDAY, DECEMBER 11.

THE defendant was charged in the court below with keep-

ing a nuisance, in the form of a liquor saloon. He was tried, convicted, and fined in the sum of $400, and he appeals.

*J. S. Root*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. It appears from the evidence that the defendant's saloon was at one time searched for contraband liquors. The officers who made the search testified that they found a jug containing a gallon and a half of whiskey in a box in a room on the same floor with the saloon. They further testified that, when they appeared to make the search, there was quite a commotion in the house, caused by "the women folks" moving boxes of different sizes out of the back room. The court instructed the jury that if they found "that whiskey or intoxicating liquor was found in the saloon of defendant, or its appendages, it would be presumptive evidence that it was kept for unlawful sale, but it would not be conclusive; and, if it was kept for use in his family only as a medicine, the presumption would be rebutted." This instruction is complained of because the room in which the box with the jug of whiskey was found was not an appendage of the saloon. An appendage is something added to a principal or greater thing, though not necessary to it. It appears that there were three rooms on the ground floor of the building occupied by the defendant. The front room he used as a saloon. It does not appear what was in the next room. The back room where the whiskey was found, and out of which the boxes were moved in haste, was used as a kitchen by defendant's family. He devoted the principal room in his house for a saloon, and the evidence tends to show that the back room was used for cooking, and as a place for storing liquors. There was no error in designating the back room as an appendage to the saloon, in view of the evidence in the case.

II. After the jury retired to determine the case, one of their number was permitted by the court to leave the jury room, and go into court, and give attention to a cause in court in which the juror was a party. During said absence the said juror testified as a witness in his case in court; and this was done while the remaining jurors were deliberating upon a verdict. It is urged that the absence of the juror from the jury-room vitiated the verdict. It does not appear how long the juror was detained in court, and we do not think there was any abuse of discretion in the court directing him to absent himself from the jury-room. It may have been, and doubtless was, necessary, in order that the business of the court should not be stopped, that the juror be called into the court-room. We cannot say that the defendant was prejudiced by reason of such an absence from the jury-room. It seems to us that the facts show that there could have been no prejudice.

*2. CRIMINAL procedure: jury: allowing juror to be absent.*

III. It is next claimed that the verdict is not sustained by the evidence. It is sufficient to say, on this point, that the jury were fully warranted in finding the defendant guilty.

IV. We are asked to reduce the penalty inflicted upon the defendant, because it is excessive. The defendant belongs to a class of violators of the criminal law who, according to the current history of this state, are in certain counties defying the law, and resisting its enforcement by mobs, violence and murder. There is no more excuse for a violation of one criminal law than there is for the violation of another, and courts should inflict such penalties as will insure obedience to lawful enactments. We do not think this is a case where we should interfere.

AFFIRMED.