## MILLER v. ROOT et al.

1. **Instructions**: NOT WARRANTED BY PLEADINGS: NO PREJUDICE. In an action upon two promissory notes, the defendant pleaded that they were not yet due, on the alleged ground that he had, for a valuable consideration, made an agreement with plaintiff's agent for an extension of time of payment, and that the agent in making said agreement acted with the full knowledge and consent of plaintiff. There was no plea of subsequent ratification, but there was some evidence tending to show a ratification. *Held* that it was error to submit the question of ratification to the jury, but that it was an error favorable to defendant,—since it gave him the benefit of the evidence on that point,—and was no ground of reversal on his appeal.

2. **Agency**: CONTRACT FOR AGENT'S BENEFIT. Where an agent enters into a contract binding his principal, with the full knowledge and consent of the principal, the rule which obtains where the agent contracts as such, upon consideration moving to himself, does not apply.

3. **Jury**: MISCONDUCT OF: APPEAL. This court will not reverse a judgment on the ground that the jury permitted the sheriff and bailiff to communicate with them, where it is not shown that the communications were such that the jury could have been influenced thereby.

*Appeal from Des Moines District Court.*—HON. J. M. CASEY, Judge.

FILED, MAY 18, 1889.

PLAINTIFF sues to recover balance upon two promissory notes,—one dated September 29, 1878, due six months after date, for one thousand dollars; and one dated September 11, 1879, due on or before two years

Miller v. Root.

after date, for two thousand dollars. The defendant Root, answering, admits the execution of said note, and alleges as defense that on or about the fifteenth day of September, 1880, he and the plaintiff, through her agent, E. McKitterick, made a verbal contract, wherein it was agreed that, for a valuable consideration then paid to plaintiff by defendant, plaintiff would extend the time for the payment of said notes for a period of ten years from the dates thereof; that the consideration paid was the procuring and obtaining by defendant of one hundred shares of the capital stock of the Centennial Mutual Life Association of Burlington, Iowa, for the use and benefit of said McKitterick, and the securing and giving to said McKitterick a lucrative position in said association at a large salary, which position was accepted by the said McKitterick, agent for plaintiff; that said McKitterick, as agent for plaintiff, loaned the money to defendant Root, evidenced by said notes, and that McKitterick at the time of making said agreement represented to defendant Root that he had full power and authority to make the same as plaintiff's agent, and to receive said consideration, and that he acted in the premises with the full knowledge and consent of the plaintiff. Defendant avers that said agreement was made, and said consideration paid and accepted, with the full knowledge and consent of the plaintiff; wherefore he says that said notes have not matured, and are not due. The defendant Scarff, answering separately, admits the execution of said notes, and avers that he executed the same as security only for his codefendant, Root; that the plaintiff, at the time of the execution of said notes and ever since, knew that he executed them as such security; that plaintiff and defendant Root, without his knowledge or consent, agreed upon an extension of time, as alleged by the defendant Root. Upon these issues the case was tried to a jury. Verdict for plaintiff, and defendants appeal.

*S. L. Glasgow*, for appellants.

*Thomas Hedge* and *H. C. Hadley*, for appellee.

Miller v. Root.

GIVEN, C. J.—I. There is no controversy in the testimony but that Scarff signed the notes as surety, and that whatever agreement, if any, was made for an extension of time, was without his knowledge or consent. The only issue, therefore, is as to the alleged agreement for an extension of time. Neither of the answers alleges that McKitterick had general authority, as agent of plaintiff, to make such agreements, nor that, having made the alleged agreements, the plaintiff subsequently ratified the same. The defense alleged is that McKitterick made the agreement and received the consideration as agent for plaintiff, with her full knowledge and consent. The sole issue is whether McKitterick and Root made an agreement substantially as alleged, and, if so, whether it was with the knowledge and consent of the plaintiff. If the defense was based upon an allegation of general authority in McKitterick to make such agreement, or upon a subsequent ratification by the plaintiff, then it would be immaterial whether the plaintiff knew that such an agreement was being made at the time of its making or not; but in the case made in the answers it is material, as the authority of McKitterick is alleged to have been in the fact that he was acting with the knowledge and consent of the plaintiff. The court, after properly directing the jury as to the burden of proof, instructed them: "Before you find for the defendants, or either of them, it must be established by a preponderance of evidence that the agreement to extend the time of payment of said notes was actually made and substantially as alleged, and that Mrs. Miller at the time had knowledge of the terms and conditions of such agreement, and assented to it, or afterwards, with full knowledge of the terms and conditions thereof, ratified the same; and, if the evidence fails to satisfy you of either of these propositions, you should find for plaintiff." The question of ratification is fully submitted throughout the instructions, except in the fifth. In the fifth instruction the court says: "And if you find from the evidence that the agreement

*1. INSTRUCTION: not warranted by pleadings: no prejudice.*

to extend payment was made substantially as alleged,
then you should determine from the evidence whether
or not McKitterick had authority from the plaintiff to
make and bind her by such agreement. If he had not,
then she is not bound by it; if he had, she is." This
instruction ignores the question of ratification. We
are of the opinion that, under the pleadings, no claim
of subsequent ratification was made, and therefore that
inquiry should not have been submitted. There is
some testimony tending to show ratification, and that
question may have been submitted to the jury in antici-
pation of amendment conforming the pleadings to the
proofs. We do not see that defendants (appellants)
were prejudiced by submitting the question of ratifica-
tion to the jury. It gave them the full benefit of that
additional defense, and in a way that the jury could not
have been misled or confused. The instructions very
plainly and clearly submitted the case upon the inqui-
ries as to whether there was an agreement for extension
of time, and, if so, whether the plaintiff at the time
had knowledge of the terms and condition of such
agreement, and assented to it, or afterwards, with full
knowledge of the terms and conditions thereof, ratified
the same. Except as to ratification, the case was sub-
mitted as made in the pleadings, and the submission of
the additional defense of ratification was without prej-
udice to the defendants.

II.   As the defense is upon the grounds that the
alleged agreement was made, and the consideration paid
and accepted, with the full knowledge and
consent of the plaintiff, the principle that
applies where the agent contracts as such,
upon consideration moving to himself, does not apply. If
the agreement was made, and the consideration paid and
accepted, as alleged, with the knowledge and consent of
the plaintiff, then it is immaterial whether the consider-
ation was to her or to her agent. We see no error in
the giving or refusing of instructions, except in submit-
ing the question of ratification, which, as already
stated, was without prejudice.

2. AGENCY: con-
tract for
agent's bene-
fit.

III. As to the misconduct of the jury in permitting the sheriff and bailiff to communicate with them, we see nothing in the testimony as to the communications had that indicates that the jury could have been influenced thereby, or that calls upon us to overrule the decision of the district court on that question. It is evident that the statements of these officers were not so broad as represented in the affidavit filed by defendants. Entertaining these views, the judgment of the district court is

3. JURY : misconduct of : appeal.

AFFIRMED.