STATE OF IOWA v. EDWARD BESTE, Appellant.

Grand Jury: DRAWN ON PRECEPT. If a grand jury be once regularly drawn, and for any cause fails to appear at a subsequent term, a precept for a jury should, at that term, issue to the body of the county, and Code, 240, providing that jurors shall be drawn twenty days before the term, does not apply.

Misconduct of Jury. Arguments between jurors and their deductions from the evidence can not be shown by affidavit, to impeach the verdict.

SAME. That the jury had the bailiff bring it a lunch at its own cost, which was eaten before him and the marshal, nothing being said about the case, will not warrant a new trial.

*Appeal from Howard District Court.*—HON. L. O. HATCH, Judge.

WEDNESDAY, OCTOBER 3, 1894.

DEFENDANT was indicted, tried, and convicted of a criminal offense, the exact nature of which is not stated, and he appeals.—*Affirmed.*

*Frank Sayre* for appellant.

*John Y. Stone*, attorney general, and *Thomas A. Cheshire* for the state.

DEEMER, J.—In April, 1893, defendant was held by a committing magistrate to answer to the grand jury of the district court of Howard county, at the June

term of said court; and on the thirteenth day of June, being called to challenge the grand jury, he interposed the following written challenge before the jury was sworn, to wit:

"That said panel was not appointed, drawn, nor summoned as prescribed by law, in this: (1) Said panel was not appointed nor drawn twenty days preceding the first day of this term of court. (2) That no precept for said panel was issued (to summon same) seventeen days preceding the first day of this term of court. (3) That said panel was not appointed nor drawn twenty days preceding the first day of the first term of said court for the year 1893, to wit, sixth of March, 1893. (4) That no precept for said panel was issued (to summon same) seventeen days preceding the first day of the first term of said court for the year 1893, to wit, sixth of March, 1893. (5) That no grand jury panel whatever was appointed, drawn, or summoned in vacation for this term of court, and accordingly none such failed to appear at this term of court. (6) That no precept summoning a grand jury panel for this term of court has been set aside by said court at this term of court." This challenge was by the court overruled, and this ruling is assigned as error.

It appears from the testimony adduced on the hearing of this challenge that the June term was the second one for that county in the year 1893; that at the prior term, in March, the precept under which the grand jury was summoned for the year 1893 was set aside, and the grand jury was discharged. When the June term came around, the presiding judge ordered a precept to issue for a sufficient number of men from the body of the county to constitute the grand jury, and it was to the grand jury summoned on this last precept that the defendant interposed his challenge.

The contention of appellant's counsel, as we understand it, is that when a precept, under which a grand jury is summoned, is set aside at one term of the court,

the grand jury for the next succeeding term should be drawn from the names returned on the jury lists by the judges of election, as provided in sections 240 and 241 of the Code, and that the court was not authorized to order a precept to issue for a grand jury from the body of the county, save where the persons summoned to serve as grand jurors fail to appear, or when the court sets aside the precept, and that neither of these conditions were present in this case. Under the provisions of our statute, grand jurors are selected for the first term in the year at which they are required, and serve for one year. Code, section 239. The grand jury need not be summoned after the first term, but must appear at the next terms without summons. *Id.* section 243. Where, from any cause, the persons summoned to serve as grand jurors fail to appear, or when, from any cause, the court shall decide that the grand jury has been illegally selected or drawn, the court may set aside the precept under which the jurors were summoned, and cause a precept to be issued to the sheriff, commanding him to summon a sufficient number of persons from the body of the county to serve as jurors at the term of court then being holden. *Id.* section 244. In this case a jury was drawn and summoned before the March term for the year 1893. For some reason the precept was set aside at this term, and no grand jurors appeared at the June term. The court, at the June term, ordered a precept to issue to the body of the county for a grand jury to serve at this term of court. It is evident that the grand jury summoned for the year 1893, and whose duty it was to appear at each and every term of the court in that year, without further notification than that given them of the first term, failed to appear; and, having so failed, the statute, in express terms, sustains the action of the court in issuing a precept for a new grand jury. The cause of the failure of the grand jurors to appear is not material. It is the

condition which authorizes the issuing of a new precept. Whether the precept was rightfully set aside at a former term of court is not controlling. Again, the precept under which the grand jurors were summoned for the year 1893 was set aside at the March term of court, and, in order to have a grand jury for the June term it was necessary to have a new grand jury drawn in the regular way for selecting grand jurors, or that a precept issue to the body of the county.

Appellant insists that a new grand jury should have been drawn, under section 240 of the Code, at least twenty days prior to the first day of the term. Section 240 relates to the drawing of trial jurors, and to the selection of grand jurors for the first term in the year at which they are required to appear, and not to a case where a grand jury has been selected and the precept set aside at some term during the year at which they are required to serve. We think that the court was right in overruling the challenge.

II. In support of his motion for a new trial, defendant filed an affidavit of some of the trial jurors to the effect that, while deliberating upon the case, it was argued and represented by one of the jurors that the defendant ought to have been a witness in his own behalf, and should have shown that his character was good. The state filed affidavits to the contrary, but, in the view we take of the case, it is not necessary to determine whether the claim made by appellant is sustained or not. While it is true that affidavits of jurors may be received, for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room which does not essentially inhere in the verdict itself, yet such affidavits may not be received to show any matter which does essentially inhere in the verdict. *Wright v. Telegraph Co.*, 20 Iowa, 195; *Cowles v. Railway Co.*, 32 Iowa, 515. Such affidavits are not admissible to

show that the jury misunderstood the instructions of the court, or the testimony. *Davenport v. Cummings*, 15 Iowa, 219; *Jack v. Naber, Id.* 450. Nor are affidavits receivable to show that they read, and were influenced by, a part of the answer which had been stricken out on demurrer (*Cowles v. Railroad Co., supra*), nor that they were unduly influenced by fellow jurors in the determination of their verdict. *Bingham v. Foster*, 37 Iowa, 337, nor that they erroneously rejected evidence which was properly before them. *State v. McConkey*, 49 Iowa, 499. The arguments used by jurors with their fellows, and the deductions to be drawn by the jury from the testimony, or the want of it, on some particular point at issue, are matters clearly inhering in the verdict, and can not, under the rules established in the foregoing cases, be shown by affidavit for the purpose of impeaching the verdict.

III. While deliberating upon the verdict, the jury, near midnight, made up a purse, and sent their baliff out to procure a lunch. This lunch was brought into the jury room by the bailiff in charge. The town marshal assisted the bailiff in getting the lunch, and in carrying it to the jury room. The bailiff ate some of the lunch with the jury, in their room; but nothing was said about the case either to, or in the hearing of, the bailiff or marshal. Complaint is made of this upon two grounds: First, because of misconduct of the jury; and, second, because of misconduct of the officer having the jury in charge. The alleged misconduct of the jury consists in partaking of a midnight lunch. As stated, there was nothing said, either to or by the jury, in relation to the case in the presence of the bailiff or the town marshal. The jury paid for the lunch which was furnished them, and, while it would have been the better practice for them to have accepted the meals provided by the court, yet their conduct in this respect was clearly without

prejudice. *State v. Wart*, 51 Iowa, 587, 2 N. W. Rep. 405; *State v. Degoina*, 69 Mo. 485; *Purinton v. Humphreys*, 6 Me. 379. "It is a settled rule of law, dating back to a very early period, that the mere fact that the jury eat and drink at their own cost, or otherwise than at the cost or by the procurement or favor of the successful party, while deliberating on their verdict, though an irregularity, will not be ground for a new trial." Thomp. Trials, sec. 2563, and cases cited; *Com. v. Roby*, 12 Pick. 496. The alleged misconduct of the bailiff in procuring the lunch, and in allowing the marshal to go to the jury room, was not prejudicial. No communication about the case took place between any of these parties. *State v. Bowman*, 45 Iowa, 418; *State v. Wart*, 51 Iowa, 587, 2 N. W. Rep. 405; *State v. Fertig*, 70 Iowa, 272, 30 N. W. Rep. 633; *State v. Woodson*, 41 Iowa, 425; *Miller v. Root*, 77 Iowa, 545, 42 N. W. Rep. 502. Even if the bailiff was guilty of misconduct, this is not a ground for a new trial. *State v. Crafton*, 89 Iowa, 109, 56 N. W. Rep. 257. We find no prejudicial error in the record, and the judgment is AFFIRMED.