Lipscomb, J.
On looking into the record and the statement of facts we do not believe that the ground for surprise was sufficiently sustained to have authorized the court below to set aside the verdict. The suit had been a long time pending, and the appellant cannot be permitted to say that he was not apprised that he would be required to meet the issue of unsoundness in the slavf when sold by him; and if the evidence of the affiants, whose affidavits were submitted in support of a new trial, had been before the jury, it would not have been as to any material fact, but only cumulative.
There was a conflict as to the soundness of the slave whim sold. The jury believed that the weight of evidence preponderated in favor of the truth of the fact found by them, and there is no legal reason perceived why their verdict should be disturbed.
The second assignment is too technical to receive the support of this court. H is true that the jury could not find interest by that name, interest being the creature, of the statute in defined cases, and the one before them not being so defined; but they liad a right to find damages, and this court lias declared that in cases like the one before us the legal rate of interest on the purchase-money would form a correct and just criterion of damages. The fact of the jury in their verdict using flic term “interest” instead of “damages,” though technically wrong, is of no material consequence.
The last assigiiiuent is not- supported in point of fact by the record. It does not show that interest is allowed on the judgment. If it should be attempted *120 to be collected improperly the appellant must seek his remedy in the court below.
Note 55. — Where ono collects money for another and refuses to pay it over, the measure of damages istho lawful rato of interest. (Close v. Fields. 43 T., 523.) The measure of damages for broach of warrnn'y of soundness of a slave where the slave has died is the price paid and interest, less tho value (if any) of the services of the slave; and where the purchaser offered to restore tho slave to the seller and he has refused to accept it, and the former lias been compelled to keep it and incur expense on account of it, he may also recover such expense. (Scranton v. Tilley. 10 T., 18:35 Smith i;. Oldham, 20 T», 513.) The mea-ure of damages on sale of a land certificate is the purchase-money aud interest. (Auding u. Perkins. 29 T., 348; Cranberry v. Hawpo, 30 T., 409.) A trustee who unreasonably delays the investment of funds is Hablo for interest. (Murchison v. Payne, 37 T., 305.) In executory contracts for the sale of hind where U10 vendor is unable to make title the moasur» of damages is the purchase-money and interest. (Sutton v. Page. 4 T., M2; Hall v. York, 22 T., 0-1L; Wheeler v. Styles, 28 T., 241); Neill ?>. Watson, 39 T., 375; Caliento v. Spencer, 25 T. Supp., 149.) If the vendee has gone into possession 1I10 rule is to return the land without profit and the money without interest. If valuable improvements have been made their value should bo allowed. (Patrick v. Roach, 21 T.. 221.1 Whore title to one of several tracts has failed the measure of damages is the actual value of sue.li tract compared with the balance of the land, assuming the contract price to be the value of tho whole. (Ruins v. Calloway. 27 T., G78.) Tho measure of damages in a suit upon a general warranty of title to land, after an eviction of the vendee by superior title maintained in a suit against him, is tho purchase-money with interest; attorneys’ fees, in the absence of an express stipu ation to pay. will not be allowed. (Turner t. Miller, 42 T., 418; Rowe v. Heath, 23 T., 020.) In contract of sale of personal property, whore the price has been paid and tho articles are not delivered, tho measure of damages is their value on the day of delivery; if suit has been brought within reasonable time, plaintiff may recover the highest price tó time of trial. If the. purchase-money has not been paid, the meaMire of damages is (he difference between tho contract price and the market price on day of delivery. (Randon v. Hartón. 4 T.. 289; Culvit v. McPadden, 13 T., 324; Duncan v. M'cMahon, 18 T.,697; Ranger v. Hearne. 37 T., 30.) In actions for damages for the detention of a slave the measure of damages is the value of his services from the time of demand to time of trial. (Horton v. Reynolds. pout, 284; Pridgen v. Strickland, pant, 427.) If no demand is proved, service of the writ is the time from which damages are computed. (Calvit v. Cioud, 14 T., 53.)
Judgment affirmed.