J. B. McNeally and others v. Mandred Stroud and others.

Where a deed has been received in evidence, upon the trial of a cause, without objection, it is too late to object, in the Supreme Court, that it was not properly authenticated for record, and consequently inadmissible in evidence, without proof of execution.

A new trial will not be granted, on the ground of surprise, occasioned by the introduction, upon the trial, of a title paper to which reference had been made by the plaintiff in his petition.

Appeal from Falls. Tried below before the Hon. John Gregg.

*Craik* and *Jeffries*, for appellants.

*Walker, Aycock* and *Stewart*, for appellees.

Wheeler, Ch. J. Two grounds are relied on for reversing the judgment: first, the admission in evidence of the deed from Fisher and wife, to Roberts and others, of the 5th of June, 1837; secondly, the overruling of the motion for a new trial.

It is objected, that the deed was not properly authenticated for record, and consequently was not admissible in evidence, without proof of its execution. But to this it must be answered, that the objection was not taken at the trial, and comes now too late. The deed appears to have been admitted in evidence, without objection.

The ground on which it is insisted that a new trial ought to have been granted, is, the alleged surprise occasioned by the production, by the plaintiff, of the testimonio of the original title. But it is to be observed, that the plaintiff had given notice, by his petition, that his title was evidenced by this testimonio, to which he makes an express reference, for a more particular description of the land he claims. There could be no

legal surprise, by the production of evidence of title, of which the plaintiff had thus given notice. There is no error in the judgment, and it is affirmed.

Judgment affirmed.