## NELLUMS *v.* NASHVILLE.

### (*Nashville.* January 12, 1901.)

1. PLEADING AND PRACTICE. *What may be shown under plea of not guilty.*

   In an action against a city for an injury caused by a defective plank walk upon an alleged street, the city may show, under the plea of not guilty, that it had never accepted the street nor become responsible for its repair. (*Post, pp. 223, 224.*)

2. NEW TRIAL. *Surprise.*

   Surprise that justifies the granting of a new trial cannot be predicated of the introduction of any evidence that is pertinent to the issue made by the pleadings. Each party is required to anticipate and come prepared to meet such evidence of his adversary. (*Post, pp. 224, 225.*)

3. SAME. *Same.*

   A party waives his right to a new trial on account of surprise, if he fails to take immediately all available steps, during the trial, to avert injurious consequences. (*Post, pp. 225, 226.*)

   Case cited: Railroad *v.* Jones, 100 Tenn., 522. ⅝

4. CHARGE OF COURT. *Refusal of requests.*

   Requests for instructions that are fully covered by the original charge are properly refused. (*Post, pp. 226–228.*)

---

### FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County. JNO. W. CHILDRESS, J.

RUTHERFORD & RUTHERFORD and H. A. LUCK for Nellums.

E. A. PRICE and K. T. McCONNICO for City.

WILKES, J. This is an action against the Mayor and City Council of Nashville for damages, for personal injuries, sustained by Mrs. Nellums on account of a defective plank walk upon what is called in the record Belleville street. There was a trial before a jury in the Court below and verdict and judgment for the city, and the plaintiff has appealed and assigned errors.

The first error assigned is that the Court below should have granted a new trial upon the ground of surprise and newly discovered evidence. In support of this assignment plaintiff states that the city did not disclose its real defense until its last witness, Pat Cleary, was examined. This witness, in substance, stated that the city of Nashville had never done any work on the west side of Belleville Street, nor had it in any other manner accepted the same as a street since it was included within the corporate limits of the city in 1890.

The insistence is, that this was great surprise to the plaintiff, inasmuch as the fact of nonuser and nonacceptance was not specially pleaded, and the street had been used by the public, and was

in a thickly settled part of the city, and had been recognized as a street by the public in numerous ways, and at many times; after it was taken into the city and prior to the accident.

The affidavit upon which the application for a new trial is based states this feature of sur-. prise, and adds that plaintiff will make proof of user and many other facts showing acceptance on the part of the city, and it is supported, as to the latter feature, by the sworn statements of quite a number of witnesses.

The city filed only one plea, that of not guilty, and upon this the plaintiff took issue.

Under the plea, and upon this issue, we think it clear that the city might show by evidence that it had never accepted that portion of the street where the accident occurred. Some evidence was introduced upon this feature of acceptance, other than the testimony of Mr. Cleary, and at an earlier period of the trial. Mr. McConnico, the street overseer, testified that the portion of the street complained of was taken into the corporate limits in March, 1890, but that the city had done no work or repairing upon it up, to the time of the accident, and it would be impossible to do it until a sewer was built, and that nothing had ever been done; that there is at the place an old ravine through which a branch runs, and there were little footways running to the houses across this. This being true, the plaintiff

was bound to take notice of every defense that could be legally advanced under the plea of the general issue. Conceding the proposition to be correct that the evidence was within the issues presented by the pleadings, surprise cannot be predicated upon the fact that evidence was not anticipated along any line embraced within the pleadings. The doctrine is thus laid down in Vol. 16, page 544 (old Ed.), Am. & Eng. Ency. Law.

"The fact that an adversary's evidence is different from what it was supposed it would be, is not sufficient. If there has been any want of diligence in ascertaining what the testimony of a witness would be, a new trial will be refused." In 15 Ency. Pleading & Practice, 733, it is said: "A party is bound to come prepared to meet the case made by his adversary, and he cannot plead surprise at material and relevant testimony." In support of this proposition are cited *Cole* v. *Fall Brook Coal Co.,* 10 N. Y., 447; *Knapp* v. *Fisher,* 49 Ver., 94; *Davis* v. *Ruggler,* 2 Chand. (Wis.), 152; *Bragg* v. *Moberly,* 17 Mo. App., 221; *McNeally* v. *Stroud,* 22 Tex., 229; *Anderson* v. *Duffield,* 8 Tex., 237, and a number of other cases.

Another principle of law applicable to motions for new trial upon the ground of surprise is that the party who is thus surprised in the

22 P—15

course of the trial must make all necessary efforts to secure delay by proper legal methods, in advance, to meet the matter of surprise. It appears from the affidavit of the plaintiffs that evidence of the acceptance of the street by the city could be readily had. Indeed, in the affidavit it is said that this evidence was so plentiful that they did not think it would be needed. The plaintiff, D. A. Nellums, was put back upon the stand, after the evidence of Cleary had been given, and he failed to give any evidence on the point. No delay or indulgence was asked by the plaintiffs. The plaintiffs could not, without making any effort to obtain such delay, go to trial, and when the verdict is found against them, ask for a new trial upon the ground of surprise. Am. & Eng. Ency. Law, 16 Vol., p. 533.

The rule is thus laid down:

"The first duty of counsel surprised at the trial is to secure delay by proper legal methods, but he cannot neglect this in hope of securing a verdict in spite of surprise, and then obtain a new trial." *Ibid.* See to same effect *Railroad* v. *Jones,* 16 Pick., 522; *Shipp* v. *Suggett,* 9 B. Mon., 5; *Mehan* v. *Chicago Railroad Co.,* 55 Iowa, 305.

It is said that the Court should have charged certain requests, seven in number, which the Court erroneously declined to do. Upon examining the charge we find it is quite full upon the subject

of acceptance of the street by the city, and no complaint is made of any positive error in it. The requests go mainly to the question as to what acts would amount to or constitute an acceptance on the part of the city, putting hypothetical or supposed cases of repairs made, work done, or other acts indicating acceptance.

We think the charge of the Court as given fully covered the facts as they appeared in the record, as to acceptance, and the duty of the city after acceptance was plainly stated. The jury were told that if the city had not accepted the street, although it had been taken into the corporate limits either by some formal act of acceptance or by undertaking to open that part of the street by working the same or repairing the same and putting it in order for the public use, then they should find for defendant, but if the jury should find that proposition against the defendant, and that it had accepted the same or graded it, or worked upon it, and attempted to put the same in a condition for public use, then they should ascertain whether the city had constructed the passway over or across one of its streets, or part of it, and had exercised control over it, or permitted some other person to erect the walkways and afterward accepted them, and if so it should have kept them in repair, and it would be responsible for negligent failure to do so. This appears to be a full charge upon the facts as

they were presented by the record, and is a fair statement of the law, and is not, so far as it goes, complained of. Dillon on Municipal. Corp.; Vol. 2, Sec. 642; *Forbes* v. *Bolen Seifer,* 74 Ill., p. 187; *State of Maine* v. *Bradbury,* 40 Maine, 154, 160; Tiedeman on Municipal Cor., Sec. 223, p. 421.

We think the several requests, so far as they are sound law, are covered by and embraced within the general charge, and that upon the record as we find it the charge was full and correct, and the requests very largely present hypothetical cases which are not presented by the record as made.

We do not find any reversible error in the action and judgment of the Court below, and it is affirmed with costs.