THELMA STAFFORD, by Next Friend, Etc. v. CLEVELAND STAFFORD, et al.

Middle Section.    January 15, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. Verdict of jury in a chancery case has same effect as in law case.**

   Under the statute (Shan. Code, Sec. 6286), the finding of the jury has the same force and effect as the verdict of the jury in a trial at law.

2. **New trial. Surprise in testimony not grounds for new trial.**

   A party is bound to come prepared to meet the case made by his adversary, and he cannot plead surprise at material and relevant testimony.

3. **New trial. Surprise must be made known at the time.**

   The right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or a continuance of the cause.

4. **New trial. New trial not granted because of newly discovered evidence if by due diligence it could have been discovered before trial.**

   In an action to set aside a deed because of fraud, held a new trial will not be granted because of newly discovered evidence where it appears witness was not called because of oversight of attorney.

5. **New trial. Court cannot grant new trial because of oversight or forgetfulness of counsel.**

   A court has no authority to grant a new trial merely because of negligence, oversight or forgetfulness of counsel.

6. **Trial. Instructions. Instructions, that failure of complainant to introduce other evidence as to her age might be used as circumstances against her, held good.**

   In an action where complainant's age was at issue an instruction charging the jury that if complainant had any other evidence that she might

have introduced, as Bible records, parents, etc. to show her age, and did not introduce the evidence, it would be a circumstance against her, held good.

**7. Appeal and error. Instructions. Instructions not before appellate court unless set out in full in bill of exceptions.**

The appellate court will not pass on the correctness of an instruction unless the instruction in full is before it.

**8. Trial. Bill of review does not lie in case tried by a jury.**

A bill of review will not lie in a cause in chancery tried by a jury, but lies only in chancery causes tried according to the ordinary procedure in such cases.

**9. Appeal and error. Bill of review lies in discretion of trial court.**

Leave to file a bill of review is not a matter of right but rests in the sound discretion of the trial court, and on application for leave to file it, the court may look to the record in the case sought to be reviewed.

**10. Appeal and error. Bill of exceptions. Record must show bill of exceptions was filed in time allowed by the court.**

In order that the bill of exceptions may be treated as a part of the record on appeal it is necessary that the record show affirmatively that it was filed within the time granted by the court.

Appeal from Chancery Court of Jackson County; Hon. W. R. Officer, Chancellor.

Affirmed.

D. B. Johnson, of Gainesboro, for appellant.

P. J. Anderson, of Gainesboro, for appellees.

FAW, P. J.   The bill in this case was filed in the chancery court of Jackson county, on November 6, 1924, by Thelma Stafford, through her father, Monroe Stewart, as next friend, against Cleveland Stafford (complainant's husband), a resident citizen of the State of California, and Jess Young and Jim Thaxton, resident citizens of Jackson county, Tennessee.

Complainant alleges that, on April 22, 1924, she joined her husband, the defendant Cleveland Stafford, in the execution of a deed to defendant Jess Young for a tract of land in the First Civil District of Jackson county, Tennessee, containing sixty-five acres, more or less, and which is fully described in complainant's bill.

Complainant also alleges that since said conveyance to Jess Young, he (Young) has sold and conveyed a part of said tract of land to defendant Jim Thaxton.

Complainant further alleges that defendants Cleveland Stafford and Jess Young fraudulently procured her to sign the deed conveying said land to Jess Young as aforesaid; that complainant and defendant Cleveland Stafford intermarried on August 6, 1923, and lived together as man and wife for a period of seven months, when complainant filed a bill for divorce charging, among other things, cruel and inhuman treatment, and attached the property of her husband,

but that he persuaded complainant to dismiss said divorce bill by making "all kinds of promises that he would be good to her and treat her right," when he had the fraudulent purpose, as complainant believes, of trying to get his property released so complainant could not get any of it; that defendant Cleveland Stafford, in order to get complainant to sign said deed, promised to take her with him to California and stated to her that they were going there where he could get work to do; that complainant did not think her said husband "was going to fool her and run off and leave her," as he did; that defendant Cleveland Stafford carried nearly all of complainant's clothes in his trunk (when he left for California) and left complainant without any money to buy clothes with and left her with a baby, the fruits of their said marriage, and slipped off.

Complainant further alleges that the consideration recited in said deed to Jess Young is $1600 in cash; that this was five or six hundred dollars less than it had cost Cleveland Stafford a short time before, and that said consideration was inadequate; that defendant Jess Young lived close to complainant and her husband, had known them all of their lives and knew of the divorce proceedings that had been pending prior to said time; that the sale to Jess Young was for the fraudulent purpose of converting said land into money so that Cleveland Stafford could fraudulently deprive complainant of her rights and from the facts and circumstances Jess Young must have known that the said Cleveland Stafford intended to leave his said wife and fraudulently deprive her of her rights, and participated in the same.

Complainant further alleges that when she married Cleveland Stafford she was only sixteen years of age; that she is now eighteen years of age; that defendants Young and Thaxton well knew that complainant was a minor at the time of said deed to Young and also when said deed was executed by Young to Thaxton; that when Thaxton took the deed from Young he knew of the fraud that had been prepetrated on complainant and knew that Cleveland Stafford had abandoned his wife and left the State.

Complainant further alleges that the tract conveyed to Jess Young as aforesaid is all the land that defendant Cleveland Stafford owned, except a small tract that he has attempted to give to his father West Stafford, valued at $100.

It is alleged in the bill that defendant Cleveland Stafford abandoned complainant as aforesaid on July 9, 1924.

Complainant prays that the deed from her husband and herself to Jess Young and the deed from Jess Young to Jim Thaxton be canceled and for nothing held, so far as said deeds affect complainant's rights and interests; that complainant have a homestead decreed to her in the tract of land conveyed to Jess Young; that she

have a decree against Jess Young and Jim Thaxton for rents and damages; that she have a decree for a sufficiency to maintain her and her said child against Cleveland Stafford, and that said tract of land be subjected to the maintenance of herself and her child. Complainant also prays for a writ of attachment to be levied on the tract of land described in the bill and she prays for general relief.

An attachment issued and was levied on said land and the parties were brought before the court—the non-resident defendant by publication and the resident defendants by service of process.

Cleveland Stafford did not make defense to the bill and a pro confesso was entered against him.

The defendants Young and Thaxton filed an answer of considerable length and it is unnecessary to extend this opinion by stating the contents of their answer, further than to say that it puts in issue each and every allegation of the bill which in anywise affects the rights of the respondents.

A jury was demanded and the case was placed on the jury docket, and thereafter tried before a jury upon issues formulated under the direction of the court. The issues of fact submitted to the jury, together with the responses of the jury to each of the issues, are set forth in an order entered on the minutes of the chancery court as follows:

"This cause came on to be heard, tried and determined before Hon. W. R. Officer, chancellor, on this the 22nd day of April, 1925, and a jury having been demanded in the pleadings, the following good and lawful men were selected, empaneled and sworn to try the issues of fact, and took their seats in the jury box: Monroe Webb, J. V. Hawkins, Beecher Anderson, Joe A. Smith, Jim Letner, M. W. Jaquess, Ree Roberts, Russell Kinnard, Hop Lynn, Daniel Hi, Jim Maberry, and George Knight.

"The pleadings were then read, and oral and documentary evidence, argument of counsel, and, charge of the court submitted for their consideration, together with the issues of fact, which, with the jury's report thereon, are as follows:

" 'Thelma Stafford

v.

" 'Cleveland Stafford, et al.

}In Chancery at Gainesboro, Tenn.

" 'Issues of fact submitted to the jury.
" '1st.

" 'Was complainant Thelma Stafford a minor under the age of twenty-one when she made her mark to her signature and acknowledged the deed from Cleveland Stafford and herself to Jess. Young to the land involved in this cause?

" 'Answer—No.
" '2nd.

" 'Did Cleveland Stafford procure the signature and acknowledgment of his wife Thelma Stafford to the deed from himself and wife to Jess Young fraudulently for the purpose of defeating her rights in the land involved in this case?

" 'Answer—Yes.
" '3rd.

" 'Did Jess Young know or have a good reason to believe that Thelma Stafford was a minor when he purchased the land involved in this case?

" 'Answer—No.
" '4th.

" 'Did Jess Young know that Thelma Stafford was not willing to convey the land?

" 'Answer—No.

" 'Thelma Stafford

v.                              } No. 626.

" 'Cleveland Stafford, et al.

" 'Issues of fact submitted by Defts. Young and Thaxton:
" '1st.

" 'Was $1600.00 in cash actually paid by Jess Young for the lands involved, and was this the fair cash value thereof?

" 'Answer—Yes.
" '2nd.

" 'Was the purchase of the lands made by Jess Young without notice or knowledge that Cleveland Stafford intended to practice a fraud on his wife?

" 'Answer—Yes.
" '3rd.

" 'Did Thelma Stafford tell the Notary Public, L. G. Strode, that she was twenty-one years of age?

" 'Answer—Yes.

" 'Thereupon, complainant served notice of a motion for a new trial, to be presented at roll call on tomorrow morning.' "

The complainant moved for a new trial, but her motion was overruled, and the chancellor thereupon dismissed the complainant's bill at her cost. Complainant excepted to the action of the court and prayed an appeal to this court, which was granted, and oath in lieu of bond was filed in due season.

Complainant's first assignment of error in this court is that the chancellor erred in dismissing her bill and taxing her with the costs.

Under the statute (Shannon's Code, section 6286), the finding of the jury had the same force and effect as the verdict of a jury in a trial at law. Hence, when the jury found the determinative issues against the complainant, nothing remained for the chancellor to do but dismiss complainant's bill. The taxation of cost in chancery is largely in the discretion of the chancellor. No reason appears in the instant case for interfering with the chancellor's discretion in that respect. The first assignment of error is overruled.

The second assignment is that "the chancellor erred in overruling the complainant's motion, which was supported by the affidavit of her counsel, D. B. Johnson, in not allowing complainant to introduce complainant's father, Monroe Stewart, and Henry Stafford, her grandfather, before the jury retired to deliberate in the case."

In the trial court, complainant based her application to introduce Monroe Stewart and Henry Stafford as witnesses, on the ground that she was surprised by the testimony of the defendant's witness L. G. Strode, who was the last witness introduced on the trial. Strode proved an admission by complainant, made prior to the deed in question, that she was more than twenty-one years of age. This was directly responsive to the main issue in the pleadings, and tended to contradict the testimony of complainant.

"As a general rule neither party is entitled to a new trial on the ground that he was surprised by the testimony of his adversary." 20 R. C. L., p. 286, par. 69; Note, 78 Am. D. 519.

A party is bound to come prepared to meet the case made by his adversary, and he cannot plead surprise at material and relevant testimony." Nellums v. Nashville, 106 Tenn., 222, 225; Chattanooga Railway & Light Co. v. Deakins, 3 Higgins, 28.

Another rule which would preclude complainant from obtaining relief on the ground of "surprise" is that "the right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or a continuance of cause." 20 R. C. L., p. 287, par. 69; Nellums v. Nashville, supra; Chattanooga Railway & Light Co. v. Deakins, supra.

Complainant offers no excuse for her failure to promptly bring to the attention of the chancellor her claim that she was surprised by the testimony of Strode.

The testimony of Monroe Stewart and Henry Stafford could not properly be admitted as newly-discovered evidence without a showing that it could not have been discovered before the trial by the exercise of due diligence. 20 R. C. L., p. 290; Note Anno. Cas., 1913 D. p. 157. In fact, as we understand the record, there is no pretense that complainant and her solicitor did not know before the trial what Monroe Stewart and Henry Stafford would testify, if

called. The excuse offered is that complainant's solicitor "inadvertently overlooked" the introduction of these witnesses. This is not sufficient. Complainant is chargeable with the negligence of her attorney. 20 R. C. L., p. 287, par. 70. The second assignment of error is overruled.

The third assignment is that "the chancellor erred in charging the jury that if complainant had any other evidence that she might have introduced, like Bible records, parents, etc., to show her age, and did not introduce the evidence, it would be a circumstance against her."

The charge of the chancellor to the jury is not in the record. In the bill of exceptions it is recited that the complainant and the defendant argued the case before the court and the jury, and following this statement in the bill of exceptions, the following recital appears, viz:

"The court then charged the jury, and while charging the jury, the court charged the jury that if there was any other evidence in the possession of or available to complainant and that the complainant failed to introduce, as the Bible record, if any, or testimony of her parents, that would shed any light upon her age that it would be taken by them as a circumstance against her contention that she was under twenty-one years old at the time she signed and acknowledged the deed of the land in controversy."

Although somewhat inartificially stated (as it appears in the record), the instruction thus complained of is sound. Standard Oil Co. v. State, 117 Tenn., 618, 625, 627; Fisher v. Insurance Co., 124 Tenn., 450, 452, 483; Western Union Telegraph Co. v. Lamb, 140 Tenn., 107, 111.

But whether the instruction as copied into the record was sound or not, the trial court should not be held in error unless the entire charge was before us. The propriety and accuracy of a charge cannot be determined by the consideration of disjointed sentences or paragraphs thereof. The third assignment is overruled.

The fourth assignment is that "the chancellor erred in not permitting complainant to file her supplemental bill in the nature of a bill of review in the original case 626."

The final decree was entered and the appeal granted on April 23, 1925. The oath in lieu of appeal bond was filed on May 18, 1925, and the appeal was thereby perfected. On June 23, 1925, a bill was presented to Chancellor Officer at his Chambers in Livingston, and a motion made on behalf of the complainant (appellant here), to allow the same to be filed as a bill of review in the original case of Thelma Stafford, by next friend, etc., v. Cleveland Stafford, et al, No. 626, on the Rule Docket of the chancery court of Jackson county.

The chancellor declined to permit said bill to be filed, and endorsed thereon a fiat in words and figures as follows:

"FIAT OF THE CHANCELLOR:

"The foregoing bill having been presented to me at Chambers in Livingston on this the 23rd day of June, 1925, and motion made to allow the same filed as a Bill of Review in the cause styled in the caption being No. 626 on the Rule Docket; I am constrained to hold that same cannot be filed as a Bill of Review in cause No. 626 for the reason that said cause 626 as appears from the allegations in this pleading was a jury cause and tried by a jury, and a bill of review will not lie in a cause in chancery tried by a jury, but lies only in chancery causes tried according to the ordinary procedure in such causes. . (This was decided by the Court of Civil Appeals and the Supreme Court at Knoxville, Tennessee in the case of Wood v. Winslow. Manuscript Opinion. About 1924.)

                                        "W. R. Officer, Chancellor."

Subsequently, a Chambers decree was mailed to the Clerk & Master at Gainesboro and entered as a "Chambers decree on motion to file bill of review," and is in these words:

"This cause came on to be heard on a supplemental bill of review at Chambers before the Honorable W. R. Officer, Chancellor, on the 23rd day of June, 1925, at Livingston, Tenn., in the above-styled cause when the court refused to allow said supplemental bill of review filed in said cause, because it was a jury case, and tried by a jury, and for that reason the court refused to permit said pleading filed.

"To the action of the court in not permitting the bill filed in said cause as a supplemental bill in the nature of a bill of review the complainant excepts to the action of the court at the time and now excepts and prays an appeal to the next term of the Court of Appeals at Nashville, Tenn., which is by the court granted upon complainant giving bond for an appeal, or otherwise complying with the law for poor persons, and the clerk is ordered to make out a supplemental transcript of the bill and exhibits, and the pages in the Bible that contain the births, deaths, and marriages in the family Bible made exhibit will be copied in the transcript.

                                        "This July 8, 1925.
                                        "W. R. Officer, Chancellor."

In addition to the reasons stated by the chancellor in his fiat, to-wit: that a bill of review will not lie in a case tried by a jury, the fourth assignment of error must be overruled for several reasons:

(1)  When the proposed bill of review was presented to the chancellor on June 23, 1925, the case was beyond the jurisdiction and control of the chancery court and was in this court, notwithstanding the fact that the transcript of the record had not at that time been

filed in the office of the clerk of this court. Gibson's suits in Chancery (Rev. Ed.), sec. 1228.

(2) The proposed bill of review did not become a part of the record in the chancery court because the chancellor declined to grant leave to file it, and in order to make it a part of the record on appeal it was necessary that it be preserved by bill of exceptions, which was not done.

(3) The bill of review purported to be based upon alleged newly-discovered evidence, viz: a record of births and deaths in the Bible of complainant's grandmother, which was in the possession of complainant's uncle. The averments of the proposed bill of review do not show that any diligence was used by or on behalf of complainant to find the family Bible record before the jury trial. A bill of review cannot be maintained on the ground of newly-discovered evidence unless the new proof is such as the party, by the use of reasonable diligence, could not have had on the first trial. Gibson's Suits in Chancery (Rev. Ed.), sec. 1238.

(4) Leave to file a bill of review is not a matter of right, but rests in the sound discretion of the court; and on the application for leave to file it, the court may look to the record in the case sought to be reviewed. Gibson's Suits in Chancery (Rev. Ed.), sec. 1243.

The fourth assignment of error is overruled.

In the disposition of the first and second assignments of error, we have treated the bill of exceptions as though seasonably filed, in order that it might be seen that the assignments of error could not be sustained if the bill of exceptions was considered; but it appears that the bill of exceptions was filed after the expiration of the time granted by the chancellor, and hence does not constitute a part of the record on appeal. The final decree, entered on April 23, 1925, provided that "the bill of exceptions will be prepared and filed on or before the final adjournment of this term." The transcript of the record does not show when the term was finally adjourned. The bill of exceptions was filed on May 5, 1925. In order that the bill of exceptions may be treated as a part of the record on appeal it is necessary that the record show affirmatively that it was filed within the time granted by the court. Moreover, it is stated in the briefs of both complainant and defendants that the term was finally adjourned on May 2, 1925.

It results that all of the complainant's assignments of error are overruled and the decree of the chancellor dismissing complainant's bill and taxing her with the costs is affirmed, and decree will be entered accordingly. The costs of the appeal will also be adjudged against the complainant.

Crownover and DeWitt, JJ.. concur.