## WILLIAM I. LOVE v. NASHVILLE AGRICULTURAL & NORMAL INSTITUTE, et al.

Middle Section.    May 14, 1927.

Petition for Certiorari denied by Supreme Court, December 3, 1927.

1. **Appeal and error.** **Master's report confirmed by the Chancellor has same effect as verdict of a jury.**
     When a master's report is confirmed by the Chancellor on exceptions as to facts, such concurrence has the force and effect of a jury verdict and judgment thereon, and is conclusive on appeal when supported by material evidence. But, of course, a concurrent finding of law, or of mixed questions of law and fact, or of facts based on mere opinions or estimates, such as the fees of solicitors, compensation of guardians, personal representatives, or

other trustees, or where the findings are merely deductions from undisputed testimony, then a concurrent finding is not conclusive, but is subject to review on appeal.

2. Nuisance. Damages. Pleading. Special damages must be pleaded.

A complainant must specially plead and prove special consequential damages resulting from a nuisance.

3. Damages. Pleading. Complainant held not entitled to damages under pleading.

In an action to recover damages for a nuisance caused by the pollution of complainant's spring where the complainant offered evidence and sought to recover damages for the loss of rent on cottages used in connection with the spring and for the building of a bottling house, held that since such damages were not pleaded, the complainant could not recover for them.

4. Trial. A party is bound to come prepared to meet the case made by his adversary, and he cannot plead surprise at material and revelant testimony.

Where error is assigned because of refusal of a new trial on the ground of surprise and it was found that the depositions in which the facts were developed had been taken for almost a year before the trial, held that there was no ground for a new trial.

5. Water and water courses. Pollution from other sources does not excuse defendant, if guilty of contaminating a stream.

Where the proof shows that a spring or stream has been contaminated by defendants, the fact that it is proved to be contaminated from other sources does not excuse the defendants, and the burden of proof in such cases, where the defendants plead pollution from other sources, is on the defendants to show what portion of the injury was contributed by the other sources.

6. Water and water courses. Evidence. Burden of proof is on defendant to show pollution from other sources.

In an action to recover damages for the pollution of a spring where the defendant urged that the spring was polluted from other sources, held that the burden of proof is on the defendants to show the fact and also to show to what extent the injury was contributed by the other sources.

7. Water and water courses. Damages. Measure of damages for pollution of spring defined.

The general rule is that where one pollutes a spring or stream, if the evidence shows that the injury is permanent and irreparable, the measure of damages is the difference in the market value of the property before and after the creation of the nuisance but where the injury is not permanent and the nuisance is temporary or abateable (and the court will not presume that the nuisance will continue) the measure of damages is the depreciation in the rental value of the property caused by the nuisance; but it is proper to consider the impairment of the owner's use and comfortable enjoyment of the property, together with such other special damages as may be pleaded and proved.

Appeal from Chancery Court, Davidson County; Hon. John R. Aust, Chancellor.

Affirmed.

John B. Daniel, of Nashville, for complainant.

W. P. Cooper and Bass, Berry & Sims, of Nashville, for defendants.

CROWNOVER, J. The bill in this cause was filed on October 27, 1919, enjoining the defendants from maintaining a nuisance in

conducting the sewage from its school and sanitarium into a drain in such a way as to contaminate complainant's sulphur spring located upon his premises adjoining those of the defendants, and to recover damages for the loss of sales of the water, and for the depreciation in value to complainant's property.

The defendants answered and denied all liability, and insisted that the spring was not contaminated by said sewer, but that it was contaminated from other sources, and pleaded that the defendant corporation was an eleemosynary corporation, and as such was not liable in damages.

The case was tried by the Chancellor and was later in December, 1921, disposed of by the Supreme Court in a written opinion reported in 146 Tenn., 550; 243 S. W., 304; 23 A. L. R., 887.

The Supreme Court held that the spring was contaminated by the sewer, and the injunction was made perpetual, and that court further held that the defendants were liable in damages for the losses occasioned thereby: (1) To the reputation of the spring as a pure and medicinal water; (2) in the value of the property; (3) the proceeds of the spring; but in the event the proof should show that the water was contaminated and rendered unusable or unsaleable by other causes than its pollution by the defendants during any of the time, then no damages will be allowed for loss of sales or use during that time.

The Supreme Court said in its opinion:

"It may be inferred from the Chancellor's finding that the complainant was entitled to recover as damages to the extent and in the proportion to which the defendants had contributed to the pollution of his water, if any, although the complainant's own neglect, and the acts of others may have contributed thereto also. If the water was contaminated by the conduct of the complainant himself, or from other sources with which the defendants were disconnected, the water could not have been used, and all the damages would have resulted just the same as if the defendants had no part in the contamination of the water, so that in such event no damages would be recoverable."

The cause was remanded to the chancery court of Davidson county for the purpose of ascertaining the damages, and the matter was referred by the Chancellor to the master to take proof and report the amount of damages. On this reference a great many depositions were taken on the different propositions, and the master reported that the complainant had been damaged $4500. Both the complainant and the defendants excepted to the report, but their exceptions were overruled by the Chancellor and a decree was rendered in favor of the complainant against all the defendants for $4500 and the cost. The complainant filed a petition for a rehearing of the case, but

it was also overruled by the Chancellor. All the parties excepted, appealed to this court and have assigned errors.

The complainant's assignment of errors, when summarized, is that the Chancellor erred in sustaining the master's report and in rendering a decree for only $4500 in complainant's favor; because the Chancellor refused to consider the proper elements of damages resulting from the contamination, (1) the loss of reputation of the spring as a pure and medicinal water; (2) the loss in value of the property; (3) the loss of the sales of the water as decreed by the Supreme Court;

Because the loss of the value of the property was at least $30,000;

Because the Chancellor erred in not allowing complainant $1200 per annum, loss of net profits from August, 1919 to the date of the decree, December, 1924, $6400, and also $600 per annum for loss, for same period, in rents on the houses, $3200, making a total of $9600;

Because the master and Chancellor limited complainant's right of recovery to the date of taking proof, two and one-half years, whereas, complainant was entitled to the net profits for six years, during the time of litigation through all the courts;

Because the complainant should have been given a decree for an additional $300, the cost of building a foundation for a bottling house, and an additional $3000, the loss of building a road across his farm from the spring out to the pike;

Because the Chancellor erred in refusing to grant complainant's petition for a rehearing of the case.

The defendant's assignment of errors, when summarized, is that the Chancellor erred in not sustaining defendants' exceptions to the master's report, because the master did not show that the spring was contaminated from other sources such as the overflow from the river and by surface waters from complainant's hog pens, barns, outhouses and premises, through sink holes and subterranean passages.

That the Chancellor erred in not holding that the spring was contaminated all the while from said outside sources to the extent that complainant was entitled to only nominal damages;

Because the proof showed that complainant's alleged damages were uncertain, contingent and speculative in their nature, and that the proof does not show with any degree of certainty what portion, if any, of the damages suffered, was caused by the defendants.

That the Chancellor erred in holding that the burden of proof was on the defendants to show contamination by other sources, and the portion of damages attributable to the defendants and to such other sources.

After reading the whole record, consisting of many large volumes, and all the briefs filed by the respective parties, we are of the opinion that none of the assignments of error are well taken, and that the same should be overruled. If we take complainant's proof alone, he is entitled to much more damages than was allowed by the Chancellor, but if we take the defendants' proof alone, the complainant would not be entitled to any damages. The matter was referred to the master, and he took many depositions, from all of which he reported that the complainant was entitled to $4500 damages. The Chancellor after a careful consideration of the case, filed an able written opinion approving the master's report, and the report was confirmed. It was purely a question of fact, and we have a concurrent finding. If there is any material evidence to support this finding, we are bound by it.

When a master's report is confirmed by the Chancellor, on exceptions as to facts, such concurrence has the force and effect of a verdict of a jury and judgment thereon, and is conclusive on appeal when supported by material evidence. But, of course, a concurrent finding of law, or of mixed questions of law and fact, or of facts based on mere opinions or estimates, such as the fees of solicitors, compensation of guardians, personal representatives, or other trustees, or where the findings are merely deductions from undisputed testimony, then a concurrent finding is not conclusive, but is subject to review on appeal. See Gibson's Suits in Chancery, 2nd Ed., sec. 620; 4 C. J., 890-892.

In arriving at the amount of damages in this case, the master had to take so many things into consideration, such as the depreciation in the value of the property, the contamination or injury to the reputation of the spring, the loss of sale of water, and whether the loss in sales was occasioned by the contamination by defendants or was caused by the lack of interest on the part of the public in sulphur waters in general, and whether the spring was contaminated from other sources, and the length of time so contaminated, and many other things in connection therewith, all of which were controverted facts; hence, we are of the opinion that his report was not on questions of fact based on mere opinions or estimates, and is therefore conclusive on appeal.

However, had there not been a concurrent finding, we agree with the opinion of the Chancellor both as to his findings of fact and conclusions of law.

The complainant has several assignments as to the amount of damages, and insists that he is entitled to a larger amount taking into consideration the depreciation in the value of his property, the loss of the reputation of his spring, and the loss of profits on the sale of the water, but as stated by the Chancellor, we think the com-

plainant has an exaggerated idea as to the value of his property and the profits from sale of the water, as the demand for sulphur water had materially decreased, and the value of sulphur springs had thereby been greatly depreciated since this suit was instituted; hence all these assignments must be overruled.

Complainant's assignments as to the loss of rents of his cottages on the property, as to the additional $300, the cost of building the foundation for a bottling house, and an additional $3000, the loss incurred in building a road from the spring across his farm out to the pike, are not well made, as he does not allege in his bill any of these special consequential damages, and the defendants were given no notice of these elements of damages. The bill was filed to enjoin a nuisance, and to recover damages caused thereby in the loss of sales of the water, and for the depreciation in value of complainant's property.

The complainant must specially plead and prove special consequential damages resulting from a nuisance. Lowery v. Petree, 8 Lea, 675; Swain v. Tennessee Copper Co., 111 Tenn., 432, 78 S. W., 93; 8 R. C. L., 612, sec. 157.

Proof of such damages, over objection, without pleadings was insufficient, and the complainant is not entitled to recover for these consequential damages without alleging the same in his bill; hence these assignments must be overruled.

The last assignment of error by complainant is that the court erred in refusing to grant complainant's petition for a rehearing of the case. We think the court did not err in this respect. The complainant insisted in his petition that he was surprised at the admission of testimony, on the reference, about sink holes, and certain tests tending to show that there were subterranean passages from the sink holes to the spring, and that the spring was therefore contaminated from other sources, and he alleged in his petition that after that testimony was admitted, and after the case was decided by the Chancellor, he made the tests and found that in fact they were not sink holes, and that there were no subterranean passages from the sink holes to the spring.

The depositions in which these facts were proven were taken on the 13th day of January, 1923, and the case was not finally heard by the Chancellor until December 12, 1924, which shows that the complainant had plenty of time to make the tests and to have ascertained the facts as alleged before the case was finally tried. However, a party is bound to come prepared to meet the case made by his adversary, and he cannot plead surprise at material and relevant testimony. See Nellums v. Nashville, 106 Tenn., 222, 61 S. W., 88; Elbinger Shoe Co. v. Thomas, 1 Tenn. App. Rep., 161; Stafford v. Stafford, 1 Tenn. App. Rep., 477. It results that this assignment must be overruled.

It is insisted by defendants' assignment of errors that the Chancellor erred in not sustaining defendants' exceptions to the master's report because the master did not find as facts that the spring was contaminated by overflow from the river, and also by complainant's hog pens, barns, outhouses and premises through sink holes and subterranean passages, and that the Chancellor erred in not holding that the spring was so contaminated all the while from said outside sources to the extent that he was not entitled to recover damages from the defendants.

We think the Chancellor's finding in this respect was correct, and that the weight of the proof showed that the spring was contaminated by the river during high water and from complainant's own premises during the winter season, but the proof further shows that complainant's sale of water during that season did not amount to anything, and that he made his profits during the dry seasons in the summer. He had used and sold the water for many years during the summer season, but had it analyzed many times, and it proved to be pure until contaminated by defendants' sewer; hence we think there is nothing in these assignments.

Where the proof shows that a spring or stream has been contaminated by defendants, the fact that it is proved to be contaminated from other sources does not excuse the defendants, and the burden of proof in such cases, where the defendants plead pollution from other sources, is on the defendants to show what portion of the injury was contributed by the other sources. See Nashville v. Wills, 7 Hig., 97; Swain v. Tennessee Copper Co., 111 Tenn., 455. However, this proposition is immaterial as we think the proof shows that the pollution from other sources was in the winter season and during high waters when complainant's sales were negligible. It results that the assignments on this proposition must be overruled.

The defendants insist that complainant's damages were uncertain, contingent and speculative in their nature. It is insisted that the true measure of damages, if any, was the rental value of the property. We do not assent to these propositions. In the first place, the Supreme Court has laid down the measure of damages for this case, and if that court was mistaken about the measure of damages, it is the law of the case. See Bristol v. Bostwick, 146 Tenn., 205, 240 S. W., 774; Going v. Going, 148 Tenn., 522, 256 S. W., 890; Bank & Trust Co. v. Cohn, 150 Tenn., 375, 264 S. W., 641. But we think the Supreme Court laid down the correct rule in this case. The general rule is that where one pollutes a spring or stream, if the evidence shows that the injury is permanent and irreparable, the measure of damages is the difference in the market value of the property before and after the creation of the nuisance, but where the injury is not permanent and the nuisance is temporary or abate-

able (and the court will not presume that the nuisance will continue), the measure of damages is the depreciation in the rental value of the property caused by the nuisance; but it is proper to consider the impairment of the owner's use and comfortable enjoyment of the property, together with such other special damages as may be pleaded and proved.  See 38 A. L. R., 1388-1389; Terminal Co. v. Lellyett, 114 Tenn., 404-405, 85 S. W., 881; Fox v. Corbitt, 137 Tenn., 466, 194 S. W., 88; Walton-McDowell Co. v. Jackson, 5 Hig., 324.  The Supreme Court in this case held that (1) the loss of reputation of the spring as a pure and medicinal water, (2) the loss in value of the property, and (3) the loss of the sales of the water, were proper elements of damage; hence we think there is nothing in the contention that the rental value was the proper measure of damages.

It is insisted that the profits in sales of water, the impairment of the value of the property, and the injury to the reputation of the spring, caused by the defendants' sewers, are too uncertain, contingent and speculative in their nature.  Our Supreme Court has held in this case that they were proper elements of damages, and without a further discussion, we hold that the decree is sustained by the weight of the evidence, and we concur in the finding of the Chancellor.

It results that all the assignments of error are overruled and the decree of the Chancellor is affirmed.

A decree will be entered here in favor of complainant and against all the defendants for $4500, and interest from December 12, 1924, and the cost of the cause; but the cost of this appeal will be divided, one-half is decreed against complainant and the surety on his appeal bond, and the other half is decreed against the defendants and the sureties on their appeal bond.  Executions will issue accordingly.

Faw, P. J. and DeWitt, J., concur.